KLETTKE v. C. & J. COMMERCIAL DRIVEAWAY.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—AP-
PLICABLE TO ACCIDENTS OCCURRING OUT OF STATE.

Under Act No. 173, Pub. Acts 1921, pt. 3, § 19, amending the
workmen's compensation act, the provisions of the act are
applicable to accidents occurring out of State.

2. SAME—COMPENSABLE INJURY.

Where it was duty of employee in charge of driveaway of
automobiles from certain city to report back to said city
after delivery of cars, and no specific directions had been
given him by his employer as to how return journey should
be made, injury resulting in death received by him while
returning in private automobile arose out of and in course
of his employment within meaning of workmen's compensa-
tion act; that he was riding as invited guest at the time
having no effect on applicability of statute.

3. SAME—INTERSTATE COMMERCE—POINT RAISED TOO LATE.

Point that department of labor and industry had no jurisdic-
tion because accident happened in interstate commerce,
raised for first time in Supreme Court, is raised too late.

4. SAME—APPLICABILITY OF STATUTE TO INTERSTATE ACCIDENTS—
EXCEPTIONS.

Under Act No. 289, Pub. Acts 1927, providing that provisions
of workmen's compensation act shall apply to persons en-
gaged in interstate commerce in certain cases, department
of labor and industry has jurisdiction in case where accident
happens in interstate commerce, in absence of showing that
case is within any exception to jurisdiction provided in
the act.

Certiorari to Department of Labor and Industry.
Submitted April 15, 1930. (Docket No. 125, Calen-
dar No. 34,774.) Decided June 2, 1930.

Mae Klettke presented her claim for compensa-
tion against the C. & J. Commercial Driveaway, Inc.,

Extraterritorial operation of workmen's compensation statutes,
see annotation in 3 A. L. R. 1351; 18 A. L. R. 292; 28 A. L. R.
1345; 35 A. L. R. 1414; 45 A. L. R. 1234.

and the Columbia Casualty Company, insurer, for the accidental death of her husband. From an order awarding compensation, defendants bring certiorari. Affirmed.

*H. H. Warner,* for plaintiff.

*Bishop & Weaver,* for defendants.

FEAD, J. This is certiorari to an award of the department of labor and industry, granting compensation to the widow of Henry Klettke. Defendant C. & J. Commercial Driveaway, Inc., is engaged in driving automobiles from the factory to points of delivery. Decedent Henry Klettke was employed as a foreman, with supervision over the drivers. He superintended a driveaway of automobiles from Lansing to Indianapolis. He and the men attended the automobile races at Indianapolis on May 30th. Some of them started back to Lansing that afternoon in a car provided by defendant. There was not room in the car for decedent and two other employees. They remained overnight, and the next morning took a street car to the intersection of U. S. Highway 31, with the intention of taking passage on a bus. While they were waiting, a Mr. Bryan invited them to ride with him as far as South Bend, Indiana. Before reaching South Bend, Mr. Bryan's car was wrecked in a collision with another car. Decedent was hurt and died from the injuries.

Decedent had charge of the men conducting the driveaway. It was his business to see that they performed their duties properly. He took care of the expenses of the men and himself out of money advanced by the employer, collected the license plates, and was responsible for their return to the employer's office at Lansing. It was his duty to report

at Lansing upon the cars delivered and the money expended. He had authority to hire and discharge men on the road, and that authority continued while on his way back to Lansing. No specific directions had been given him or the men to return by train, bus, or in any other particular way, but the manner of return was left to the discretion of decedent. It was a condition of his employment that he should return to Lansing. He was exposed to all the dangers of traveling on the highway, a danger which was incident to his employment.

In its general aspects, the case is ruled by *Widman* v. *Murray Corporation of America,* 245 Mich. 332. The Michigan workmen's compensation law is applicable, although the injury occurred out of the State. Act No. 173, Pub. Acts 1921, pt. 3, § 19 (Comp. Laws Supp. 1922, § 5471 [1]); *Crane* v. *Leonard, Crossette & Riley,* 214 Mich. 218 (18 A. L. R. 285); *Hulswit* v. *Escanaba Manf'g Co.,* 218 Mich. 331; 3 A. L. R. 1351, note. The fact that decedent was riding in a private automobile instead of in a public carrier neither took him out of the course of his employment nor changed the fact that the accident arose out of the employment. *Industrial Commission* v. *Ætna Life Ins. Co.,* 64 Colo. 480 (174 Pac. 589, 3 A. L. R. 1336).

Defendants, however, contend that the department of labor and industry had no jurisdiction because the accident happened in interstate commerce. This point was not raised in defendants' answer. Before the commissioner, the parties stipulated that the employer and employee were subject to the act. It was too late to raise the question for the first time in this court. *Aske* v. *W. E. Wood Co.,* 248 Mich. 327. In any event, under Act No. 289, Pub. Acts 1927, the department has jurisdiction in certain cases of inter-

state business, congress has not occupied the field, and the record does not show that the case is within any exception to jurisdiction provided in the act.

The order of the department is affirmed, with costs.

WIEST, C. J., and BUTZEL, CLARK, MCDONALD, POTTER, SHARPE, and NORTH, JJ., concurred.