(No. 19478.—)

THE BEALL BROS. SUPPLY COMPANY, Plaintiff in Error, vs. THE INDUSTRIAL COMMISSION et al.—(THOMAS R. JONES, Defendant in Error.)

*Opinion filed October 25, 1930.*

WINSTON, STRAWN & SHAW, (JOHN D. BLACK, HAROLD A. SMITH, and JOSEPH C. SIBLEY, of counsel,) for plaintiff in error.

CASTLE, WILLIAMS, LONG & CASTLE, (HOWARD P. CASTLE, and HOWARD R. BRINTLINGER, of counsel,) for defendant in error.

Mr. COMMISSIONER PARTLOW reported this opinion:

Defendant in error, Thomas R. Jones, made application to the Industrial Commission for an award against plaintiff in error, the Beall Bros. Supply Company, a corporation, on account of personal injuries. The evidence was heard by an arbitrator, who made an award as prayed. Upon review the award was confirmed by the Industrial Commission, and by the superior court of Cook county

upon *certiorari,* and the case comes to this court upon a writ of error.

The only question for review is whether the Compensation act is applicable. It is contended by plaintiff in error that in so far as that act attempts to legislate with respect to injuries received in a foreign State when the services are to be performed exclusively without the State of Illinois, where the employee is a citizen of a foreign State and where the employer is under the act because of its compulsory provisions, the act is unconstitutional; that the power of the State to legislate with respect to personal injuries is exclusive within and co-extensive with the boundaries of the State; that a contract entered into in one State to be exclusively performed in another State is to be governed by the law of the State of its performance, in the absence of an intention clearly expressed to the contrary, and where the act is elective or where the work outside of the State is incidental the act may have extra-territorial effect, but where the act is compulsory it is not a part of the contract and cannot have extra-territorial effect.

The evidence shows that plaintiff in error was an Illinois corporation engaged in the manufacture of miners' equipment and tools. Its factory was at Alton, Illinois, and its principal place of business was at East St. Louis, Illinois. Defendant in error had been in the employ of plaintiff in error and its predecessors for about twenty-eight years. When he first entered its employ he was a resident and citizen of Illinois. Annual contracts of employment were made between plaintiff in error and defendant in error. The oral contract under which defendant in error was employed at the time of the injury was made at Alton in December, 1925, and both parties were present at that time. Defendant in error was a traveling salesman between Denver, Colorado, and the Pacific coast, and he had resided in' Denver for several years. He testified that the reason he

resided in Denver was because it was agreed that Denver was the reasonable place for him to serve plaintiff in error best. On July 25, 1926, he was driving an automobile about three miles east of Sapinero, Colorado, and twenty-five miles west of Gunnison, on his way to Crested Butte, Colorado, to see a customer of his employer. The road was wet and muddy. There was a mountain on one side and a precipice on the other. He kept close to the mountain and skidded into the ditch. He ran along in the ditch trying to work up onto the highway. He ran the car against a rock to throw it onto the road. The car jumped onto the road, slipped over to the other side and turned over down the mountain. The car lay across the upper part of his legs. The tissues were torn on the left leg seven inches long and about three inches wide, and acid from the battery dripped into his face and into the torn tissue below the groin. Defendant in error was unable to go back to work until September 26, 1926.

Plaintiff in error has cited several cases in support of its contention that the power of a State to legislate with respect to personal injuries is exclusive within and coextensive with the boundaries of the State, and that a contract entered into in one State to be exclusively performed in another State is to be governed by the law of the State of performance, in the absence of an intention clearly expressed to the contrary. These cases announce correct rules of law, but none of them are compensation cases and they are not applicable to the facts now before us.

The Compensation act is entitled, "An act to promote the general welfare of the people of this State by providing compensation for accidental injuries or death suffered in the course of employment within this State, and without this State where the contract of employment is made within this State." Section 5 of the act as amended provides that the term "employee" shall be construed to mean "every

person in the service of another under any contract of hire, express or implied, oral or written, including persons whose employment is outside of the State of Illinois where the contract of hire is made within the State of Illinois."

In *Union Bridge and Construction Co.* v. *Industrial Com.* 287 Ill. 396, on page 398, it was said: "No law of this State has any effect as a law, by its own force, beyond the territorial limits of the State, and if it is enforced in any other jurisdiction it is by the rule of comity, but a law effective in this State as such may create rights and liabilities arising from acts occurring outside of the State. It would have been competent for the General Assembly to provide by the Workmen's Compensation act that the employer should pay compensation for injuries suffered outside of the State. * * * There have been decisions in other States that compensation is to be awarded for injuries occurring beyond the territorial limits of the State, but they have been based upon provisions of the acts showing such a legislative intention. * * * The Workmen's Compensation act of this State is remedial in its nature and should be liberally construed to carry out its beneficent object, but there is no provision which can be construed to authorize compensation for an injury occurring outside of the State." This decision was rendered in 1919. At that time the statute contained no provision for injuries out of the State. Since that time the statute has been amended as above set forth.

The question of the power of the legislature to enact a compensation statute providing that employers shall be liable to pay compensation to injured employees regardless of the place where the injury may have been sustained has been before the courts in many jurisdictions. Some of these cases are: *Hagenback* v. *Leppert,* 117 N. E. (Ind.) 531; *Rounsaville* v. *Central Railway Co.* 94 Atl. (N. J.) 392; *Kennerson* v. *Thames Towboat Co.* 94 Atl. (Conn.) 374; *Post* v. *Burger,* 111 N. E. (N. Y.) 351; *Krekelberg*

v. *Floyd Co.* 207 N. W. (Minn.) 193. In these cases it has been held that the legislature has the right to provide in compensation statutes that the employer shall pay compensation for injuries suffered outside of the State but the statute must clearly show such a legislative intention.

In the New York case above cited, the contract of employment was made in New York and the injury occurred in New Jersey. The New York statute was compulsory and not optional. In sustaining the claim for compensation the court said: "If it was the intention of the legislature to require that in every contract of employment in the cases provided by the act there should be included and read into the contract the provisions of the act, and that such provisions should be applicable in every case of injury wherever the employee is engaged in the employment, then the parties are bound thereby without reference to the place where the injury occurs. * * * It is well settled that the legislature has the power to compel a contract between employer and employee that is extra-territorial in effect. * * * Our conclusion as to the intention of the legislature is reached from the act as a whole. The intention is also specifically shown by the fact, as already stated, that an employee, as defined by this act, includes a person engaged in the course of his employment away from the plant of the employer. The language of the statute, if construed literally,—and we see no reason why it should not be,—expressly includes the employee in this case, as he was engaged in his employment in New Jersey away from the plant of his employer and under the employer's express direction. * * * The decisions in Connecticut and New Jersey, to which we will call special attention, are applicable to our statute. It may be said that there is an optional feature included in the statutes in those States. That fact goes only to the determination of the question whether the act shall be deemed a part of the contract between the employer and employee, and does not affect the question whether, if the relation of

the employer and employee is construed as contractual, it applies generally and without the bounds of the State. If the relation between the employer and employee is contractual the contract should be construed as binding upon both parties thereto without limitation as to territory, the same as all ordinary contracts based upon mutual agreement independent of statutory duty. * * * 'It may be well, however, to point out that the court does not state that its act is contractual in character. * * * We have adopted a broader rule. We read our act in the light of the purpose, subject matter and history of the act, to determine whether it expressly or by reasonable inference intended to include in its contract injuries without our jurisdiction.' (*Gould's case,* 215 Mass. 480.) * * * 'It appears that there is an implied contract to compensate for injuries arising out of and in the course of the employment, and under it all other methods and rights to any other form of compensation are relinquished. The statute can have no extra-territorial effect, but it can require a contract to be made by two parties to a hiring that the contract is binding upon the employee himself and upon the employer, and it is conclusively presumed that the parties have accepted its provisions and have agreed to be bound thereby.'—*Deeny* v. *Wright & Cobb Lighterage Co.* 36 N. J. L. 121."

In support of its contention that where an act is elective or where the work outside of the State is incidental the act may have extra-territorial effect but where the act is compulsory it is not part of the contract and cannot have extra-territorial effect, plaintiff in error has cited *Alabama Great Southern Railroad Co.* v. *Carroll,* 97 Ala. 126, 11 So. 803, *North Alaska Salmon Co.* v. *Pillsbury,* 174 Cal. 1, 162 Pac. 93, *In re American Mutual Liability Co.* 215 Mass. 480, 102 N. E. 693, *Gooding* v. *Ott,* 77 W. Va. 487, 87 S. E. 862, and *Altman* v. *North Dakota Compensation Bureau,* 50 N. D. 215, 195 N. W. 287. In most of these cases

the right of the legislature to give extra-territorial effect to compensation statutes was recognized but the right to compensation was denied upon the ground that the statute under which compensation was claimed made no provision for compensation for injuries outside of the State where the claim was made. In several cases cited it has been held that where the statute is elective and the employer accepts its terms the provisions of the statute become a part of the contract of employment. No case has been called to our attention where the statute is compulsory and provides for extra-territorial jurisdiction where the statute has been held unconstitutional as in violation of section 1 of article 4 or section 1 of article 14 of the Federal constitution. Our statute merely includes all persons whose employment is outside of the State of Illinois where the contract of hiring is made within the State of Illinois. As was held in the New York case above cited and in *Deeny* v. *Wright & Cobb Lighterage Co. supra,* the statute has no extra-territorial effect, but where persons contract under it they are conclusively presumed to have accepted its provisions and to be bound thereby. A law effective in this State may create rights and liabilities arising from acts occurring outside of this State. (*Union Bridge Co.* v. *Industrial Com. supra.*) The statute is not unconstitutional because of this fact.

Defendant in error was entitled to compensation, and the judgment is affirmed.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Judgment affirmed.*