ROBERTS v. I. X. L. GLASS CORP.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—WHEN
NONRESIDENT EMPLOYEE ENTITLED TO COMPENSATION.
  Employee whose contract for employment is entered into in
    Michigan with resident employer who is under workmen's
    compensation act for services to be rendered wholly outside
    State is within terms of act, so that, if otherwise entitled
    thereto, he is entitled to compensation notwithstanding acci-
    dent resulting in his injury occurred in another State, and
    that he was at no time resident of Michigan (2 Comp. Laws
    1929, §§ 8412, 8413, 8458).

Appeal from Department of Labor and Industry.
Submitted June 17, 1932. (Docket No. 12, Calendar
No. 36,333.) Decided September 16, 1932.

Fred Roberts presented his claim against The I.
X. L. Glass Corporation, Shatterproof Glass Com-
pany, employers, and General Indemnity Company,
insurer, for compensation for an injury received out-
side of the State. Award to plaintiff. Defendants
appeal. Affirmed.

*Wm. C. Brown* (*I. R. McDowell,* of counsel), for
plaintiff.

*Mason, Alexander & McCaslin, E. Dean Alexan-
der,* and *John P. McKay,* for defendants.

NORTH, J. Defendants have appealed from an
award of compensation to plaintiff. The sole ques-
tion presented is whether an employee whose con-
tract for employment is entered into in Michigan
with a resident employer who is under the work-

As to constitutionality of provisions of workmen's compensation
act which are limited to residents of State, see annotation in 12
A. L. R. 1207.
  On conflict of laws as to extraterritorial operation of workmen's
compensation acts, see annotation in 3 A. L. R. 1351; 18 A. L. R.
292; 28 A. L. R. 1345; 35 A. L. R. 1414; 45 A. L. R. 1234; 59 A. L.
R. 735.

men's compensation act (2 Comp. Laws 1929, § 8407 *et seq.*), for services to be rendered wholly outside of the State of Michigan is within the terms of the act so that, if otherwise entitled thereto, he may be awarded compensation notwithstanding the accident occurred in another State and that the employee was at no time a resident of Michigan.

Appellants contend that plaintiff, *not having been a resident of Michigan,* not having rendered any services to his employer in Michigan, and having received his injury outside of this State, is not within the provisions of the Michigan compensation law and therefore not entitled to be awarded compensation. Appellants rely upon the 1921 amendment (herein quoted) to the Michigan compensation act; and at least inferentially seem to concede that prior to this amendment an employee who contracted in this State for employment with a resident employer for services to be rendered outside the State would be protected by the act notwithstanding the employee at the time of accident was a nonresident and sustained his injury outside the State. It is appellee's position that notwithstanding the amendment he is within the terms of the act. As hereinafter noted, we think there is such a conflict between the different portions of the amended act as necessitates statutory construction.

The Michigan workmen's compensation statute was enacted in 1912. It is not compulsory, but instead, is optional with both employer and employee. Its provisions are read into and become part of the contract of employment if the parties have elected to become subject to the act. As is general in such acts, it provides in section 1 of part 1 that certain specified common-law defenses shall not be available to the employer in an action to recover damages for

the death or injury of an employee sustained in the course of his employment; and in sections 3, 6, and 7 (pt. 1) of the act it is provided:

"Sec. 3. The provisions of section one shall not apply to actions to recover damages for the death of, or for personal injuries sustained by employees of any employer, who has elected * * * to pay compensation in the manner and to the extent hereinafter provided." (2 Comp. Laws 1929, § 8409.)

"Sec. 6. Such election on the part of the employers mentioned in subdivision two of the preceding section, shall be made by filing with the industrial accident board, hereinafter provided for, a written statement to the effect that such employer accepts the provisions of this act *for all his businesses,* and to cover and protect *all employees employed in* any and all of his businesses *including all businesses in which he may engage and all employees he may employ while he remains under this act."* (As amended by Act No. 64, Pub. Acts 1919 [2 Comp. Laws 1929, § 8412].)

"Sec. 7. The term 'employee' as used in this act shall be construed to mean: * * * Every person in the service of another under any contract of hire, express or implied." (2 Comp. Laws 1929, § 8413.)

The legislature of 1921 amended the Michigan compensation act. This amendment re-enacted the portion of section seven above quoted, and added section 19, part 3 (2 Comp. Laws 1929, § 8458), which reads:

"Sec. 19. The industrial accident board shall have jurisdiction over all controversies arising out of injuries suffered without the territorial limits of this State, in those cases where the injured employee is a resident of this State at the time of the injury, and the contract of hire was made in this State, and

any such employee or his dependents shall be entitled to the compensation or death benefits provided by this act.''

As noted above, appellants' contention of nonliability is based upon the portion of the above-quoted section 19, part 3, which gives the industrial accident board jurisdiction over controversies arising out of industrial accidents occurring outside the territorial limits of Michigan *"in those cases where the injured employee is a resident of this State at the time of his injury"* and the contract of employment was made within the State. Appellants assert that the statutory requirement as to residence at the time of injury constitutes a limitation upon the jurisdiction of the industrial accident board. This contention would come with much, if not controlling, force if it were not in conflict with other portions of the statute. It is quite significant that this recital as to the employee being a resident at the time of injury was embodied by the amendment in the procedural part (part 3) of the act only; but was not inserted in the part of the act (part 1) which defines and fixes the rights and liabilities of employers and employees. In construing this act this fact was somewhat stressed in *Crane* v. *Leonard, Crossette & Riley,* 214 Mich. 218, 230 (18 A. L. R. 285, 20 N. C. C. A. 621). Further, the quoted portion of section 6 seems conclusive of the fact that the original enactment was intended to cover ''all employees'' regardless of residence or the *locus* of the accident. No one has ever questioned, and it would seem that it could not be successfully questioned, that the Michigan compensation act expressly provides compensation for the dependents of a fatally injured resident employee without regard to whether such dependents are residents or nonresidents. It is not uncommon

for dependents to be awarded compensation notwithstanding they are of foreign birth and have never resided in this country. As a matter of legislative policy it would be quite inconsistent, to say the least, to deny compensation to an injured employee on the ground that he was a nonresident, but in case of fatal injury to award compensation to his dependents regardless of residence or citizenship. In the absence of a clearly expressed provision in the statute which necessitates such a strange result the legislative intention to accomplish it ought not to be read into the act. If the 1921 amendment were to be construed in accordance with appellants' contention it would work a radical change in the scope and effect of the act. We cannot conceive of the legislature intending or attempting to accomplish such a result inferentially, as it were, by including the single quoted phrase in section 19 of part 3. If the legislature intended to so amend the statute, clearly it required a change in section 6 of part 1, above quoted, which is in no way referred to or changed by the amendatory act. That the legislature did not intend by the 1921 amendment to modify the act in the manner appellants assert is almost conclusively disclosed by the fact that the amendatory act covers section 7 of part 1; and as above stated again re-enacted that portion which defines as an employee "every person in the service of another under any contract of hire." This re-enacted portion of section 7 is in full harmony with the original provision in section 6 that the employer's election to come under the act is an election "to cover and protect *all employees* employed in any and all * * * businesses" of the employer. While it must be conceded that there is some conflict between the various quoted provisions of the act as amended, we are satisfied that the rea-

sonable construction and the one necessary to carry out the legislative intent appearing from the whole act is that it covers nonresident as well as resident employees in those cases wherein the contract of employment is entered into in this State with a resident employer.

While not necessarily controlling, a fact worthy of consideration and somewhat persuasive is that the department of labor and industry since the amendment of 1921 has uniformly held the Michigan compensation act applicable to nonresident employees, in accordance with the statutory construction above adopted. Such was the holding of the industrial accident board in *McCrary* v. *Beckwith Co.*, opinion filed March 19, 1925. In that hearing the defendants urged the same contention as do appellants here. If the legislature did not intend the amended act to be thus construed, we think it would have clearly so indicated by using a few simple words to that effect in the 1921 amendatory act; or at least since the department placed its construction on the amended act, if inconsistent with the legislative intention the act would have been amended again in the intervening years in such a way as to place beyond doubt and render effective the legislative purpose and intent.

While our construction of the amended act is determinative of the controlling question here presented, we think it proper to add that in holding the workmen's compensation act applicable to employees contracting in Michigan with resident employers, notwithstanding the employee is a nonresident at the time of the accident, we sustain a construction which is in accord with the humane purposes of the act and also is in accord with the construction of optional compensation acts in several other jurisdictions where the rights of a nonresident employee were in-

volved. *Beall Bros. Suppy Co.* v. *Industrial Commission,* 341 Ill. 193 (173 N. E. 64); *Hopkins* v. *Matchless Metal Polish Co.,* 99 Conn. 457 (121 Atl. 828); *Falvey* v. *Sprague Meter Co.,* 111 Conn. 693 (151 Atl. 182); and *Jenkins* v. *T. Hogan & Sons, Inc.,* 177 App. Div. 36 (163 N. Y. Supp. 707), which case may be said to have been decided on the theory that the employee was a resident of New York, although it appears rather conclusively that he was in fact a resident and citizen of New Jersey. See, also, *Festervand* v. *Laster,* 15 La. App. 159 (130 South. 634), which is not a compensation case but which does involve a consideration and discussion of the workmen's compensation act, and wherein it is said:

"The general rule is that, unless the act expressly provides for no extraterritorial effect, the workmen's compensation act has extraterritorial effect; and if one be employed in Louisiana by a Louisiana concern to perform labor and be sent into another State to perform that labor and is injured or killed accidentally in the course of his employment in that other State, he or his dependents can collect compensation under the Louisiana law, although the work was being performed in another State and the injury or death occurred in such other State. If this be true, we see no reason to limit the exemption from seizure (attachment) contained in the act to residents of this State only.

"In the case of *Western Metal Supply Co.* v. *Pillsbury,* 172 Cal. 407 (156 Pac. 491, 495, Ann. Cas, 1917E, 390, 12 A. L. R. 1207, note), the court said:

" 'The legislature has determined that the employment of labor in given pursuits entails upon the employer certain responsibilities toward the persons performing the labor and those dependent upon them. There is no constitutional or rational ground for limiting the benefits of this legislative scheme to citizens or residents of this State.' "

Adjudications to the contrary will be found in other jurisdictions. Some of these are based upon the express provisions of the particular compensa-

tion act, and in some of them the adjudicated limitation seems to be read into the act. But as indicative of the growth and development of the law in this and other States in the direction of rendering it effective extraterritorially, see Bradbury, Workmen's Compensation (3d Ed.), p. 92, quoted by the late Justice FELLOWS in *Crane* v. *Leonard, Crossette & Riley, supra,* 221; also 1 Honnold on Workmen's Compensation, § 8, where it is said:

"In view of the conflict of authority and differences between the various acts, it is difficult to formulate a precise rule relative to the extraterritorial operation of these laws; but it may be stated on the weight of authority that acts not construed to be contractual in character do not, in the absence of unequivocal language to the contrary, apply where the injury occurs outside the State, while, on the other hand, acts construed to be contractual protect one injured outside the State, where the contract of employment was made within the State and is governed by the laws of the State."

While the question under consideration was the *locus* of the accident rather than the residence of the employee as being controlling, we think the following quotation embodied in the opinion of Mr. Justice FELLOWS in *Crane* v. *Leonard, Crossette & Riley, supra,* is at least somewhat indicative of the trend of the law in this jurisdiction, especially as to its extraterritorial application:

"If the workmen's compensation acts of the several States are to be given effect so as to make them general in their application, they must be held to apply to injuries to employees wherever they occur. If accidents occurring without the State are to be in one class and accidents occurring within the State are to be in another class, every State might have a workmen's compensation act and yet both the old (common law liability) and the new systems would

still be in force and the legislative purpose would not be accomplished. The construction here placed upon the act will give the legislative intent full effect, and if recognized by the courts of sister States will give every employee the remedy provided by the workmen's compensation act under which his contract of employment was made." *Anderson* v. *Miller Scrap Iron Co.,* 169 Wis. 106 (170 N. W. 275, 171 N. W. 935).

In connection with the above quotation Mr. Justice FELLOWS adds:

"The authorities, and particularly the later ones, lead irresistibly to the conclusion that where the act is an optional one, as is ours, the relations are contractual and the provisions of the act become a part of the contract of employment, the employer agreeing to pay and the employee agreeing to accept compensation in case of accident in accordance with the provisions of the act. That the relation under our act is contractual has been recognized by this court. * * * The rights being contractual accompanied the employee wherever he went within the ambit of his employment. This construction is within the legislative intent when we consider the purposes of the act. And this is the construction it must receive at our hands." *Crane* v. *Leonard, Crossette & Riley, supra,* 228, 231.

We think with much the same force it can be said that, in the absence of an expressed provision to the contrary, which we do not construe the statute to contain, there is no ground for holding that an employee, otherwise within the terms of the act, forfeits his protection thereunder merely because he is a nonresident living across the State line. In this connection it may be noted that if appellants' theory as to nonresidence being controlling is accepted, a nonresident employee who entered into a contract for employment in this State would not be protected by

the compensation act even in cases wherein the injury occurred in this State. We are convinced the legislature by the amendment of 1921 did not so intend. It would also seem to lead to this anomalous situation: Without the consent or knowledge of the employer one employed in this State by changing his residence from without the State to one within the State would automatically place himself within the act, or if during his employment should become a nonresident he would not thereafter be bound by the act, and could maintain a common-law action against his employer notwithstanding the employer had elected to come under the act. While they do not involve the question of residence, as to extraterritorial force of Michigan's compensation law, see, also, *Hulswit* v. *Escanaba Manfg. Co.*, 218 Mich. 331; *Klettke* v. *C. & J. Commercial Driveaway*, 250 Mich. 454.

In view of the holding hereinbefore announced, we deem it unnecessary to give consideration to the contentions of the respective parties as to the constitutionality of section 19, part 3, of the act; or as to the right of either the employer or employee, each having elected to come under the act, to challenge the validity of this section on the ground that it violates the provision of the Federal Constitution entitling citizens of each State to all the privileges and immunities of citizens of the several States. But see *Cooley* v. *Boice Bros.*, 245 Mich. 325; *Thomas* v. *Morton Salt Co.*, 253 Mich. 613, 258 Mich. 231; *Quong Ham Wah Co.* v. *Industrial Accident Commission*, 184 Cal. 26 (192 Pac. 1021, 12 A. L. R. 1190). Also 1 Honnold on Workmen's Compensation, § 19.

The award of the department is affirmed, with costs to appellee.

CLARK, C. J., and McDONALD, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.