LEININGER *v.* JACOBS.

1. CONTRACTS—EMPLOYMENT—PERFORMANCE IN MICHIGAN.
   Contract entered into between one who made application for employment to employer at his principal place of business, located in Michigan, and latter telephoned his agent in Ohio to put applicant to work which necessitated employee coming into this State incident to the discharge of his duties and in which he received fatal injuries *held*, a Michigan contract rather than an Ohio contract, hence employee's dependents are entitled to compensation under the Michigan workmen's compensation act (2 Comp. Laws 1929, § 8407 *et seq.*).

2. WORKMEN'S COMPENSATION—EMPLOYEE AND DEPENDENTS DOMICILED IN OHIO.
   Employer who had elected to come under Michigan workmen's compensation act and was under Michigan contract of employment which contemplated discharge of duties in this State is not relieved from liability for fatal injuries to employee received in this State, by reason of fact that employee and his dependents were not domiciled in Michigan (2 Comp. Laws 1929, § 8407 *et seq.*).

Appeal from Department of Labor and Industry. Submitted October 2, 1934. (Docket No. 27, Calendar No. 37,740.) Decided December 11, 1934.

Edith Leininger and another presented their claims against Benjamin E. Jacobs, employer, and Employers' Liability Assurance Corporation, insurer, for the accidental death of Donald E. Leininger, while in defendant's employ. Award to plaintiffs. Defendants appeal. Affirmed.

* Continued from Vol. 269.

*Charles L. Robertson,* for plaintiffs.

*E. Dean Alexander,* for defendants.

NORTH, J.    This is an appeal in the nature of certiorari from an award of compensation made to the widow and step-daughter, dependents of Donald E. Leininger. Leininger was employed by defendant Jacobs who was engaged in trucking petroleum products from Toledo, Ohio, to various points in Michigan. Jacobs maintained his principal place of business in Lansing, Michigan. While connecting a trailer to a truck in the regular course of his employment in Michigan, Leininger sustained injuries which resulted in his death.

The primary question presented by this appeal is whether the contract of employment was an Ohio or a Michigan contract. Appellants assert it was an Ohio contract and maintain that plaintiffs are therefore not entitled to compensation under the Michigan statute. Unless appellants are correct in asserting that the contract of employment was an Ohio contract, the award must be affirmed. The following facts are pertinent. Leininger, his wife and step-daughter were domiciled in Ohio. He came to Lansing, Michigan, and sought employment of Jacobs. Leininger was told by Jacobs that he did not need anybody ''at the present time.'' Jacobs operated a garage in Toledo where his trucks were repaired. Some time after the Leininger interview, Jacobs telephoned the man who had charge of the garage ''to put him (Leininger) to work.'' The foreman of Jacobs' garage did as he was instructed. Hence we have a case in which an employer, having his principal place of business in Michigan, received an application for employment, the applicant being

personally present at the principal place of business in this State, and subsequently by telephoning from Michigan to another State the employer directed his agent to put the applicant to work which was done and the work subsequently necessitated the employee coming into this State incident to the discharge of his duties, and, while so engaged in this State, the employee sustained injuries arising out of and in the course of his employment which resulted in his death. The contract had its inception in this State, and it was finally consummated by Mr. Jacobs telephoning from this State an acceptance of Leininger's application for employment. Under such circumstances the contract was a Michigan contract rather than an' Ohio contract. *Dudley A. Tyng & Co.* v. *Converse,* 180 Mich. 195.

The employer had elected to come under the Michigan compensation act (2 Comp. Laws 1929, § 8407 *et seq.*), and hence the employee and his dependents were within the provisions of the act. The employer was not relieved from liability by reason of the fact that the employee and his dependents were not domiciled in Michigan. *Roberts* v. *I. X. L. Glass Corp.,* 259 Mich. 644.

The award is affirmed, with costs to appellees.

NELSON SHARPE, C. J., and POTTER, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.