WOLF v ETHYL CORPORATION

Docket No. 63536. Submitted December 21, 1982, at Detroit.—Decided
March 21, 1983.

Charles J. Wolf was hired in Michigan by Ethyl Corporation, a
Virginia corporation. Subsequently, Wolf was transferred to
New York by Ethyl. While employed by Ethyl in New York,
Wolf resided in Connecticut. Thereafter, Wolf was injured in a
work-related automobile accident in New York. Wolf petitioned
for workers' compensation benefits with the Bureau of Workers'
Disability Compensation in Michigan. The Ethyl Corporation
and its insurance carrier, the Travelers Insurance Company,
moved to dismiss the petition for lack of jurisdiction. A hearing
referee denied the motion. The defendants appealed and the
Workers' Compensation Appeal Board reversed the decision of
the hearing referee. Wolf appeals by leave granted. *Held:*

The decision of the Workers' Compensation Appeal Board
should be affirmed. In order for the Bureau of Workers' Disabil-
ity Compensation to acquire jurisdiction over an out-of-state
injury, the injured employee must both be a resident of Michi-
gan at the time of the injury and have concluded a contract for
hire in Michigan. The plaintiff was not a resident of Michigan
at the time that he incurred his out-of-state injury. The bureau,
therefore, did not have jurisdiction over the claim.

Affirmed.

1. WORKERS' COMPENSATION — OUT-OF-STATE INJURIES.

An injured employee must both be a resident of Michigan at the
time of the injury and have concluded a contract for hire in
Michigan for the Bureau of Workers' Disability Compensation
to acquire jurisdiction over the employee's out-of-state injury
(MCL 418.845; MSA 17.237[845]).

2. STATUTES — JUDICIAL CONSTRUCTION.

The cardinal rule in interpreting a statute is to ascertain and
give effect to the intent of the Legislature; if the language of

REFERENCES FOR POINTS IN HEADNOTES
[1] 81 Am Jur 2d, Workmen's Compensation §§ 25, 37, 38, 86, 88.
[2] 73 Am Jur 2d, Statutes §§ 145, 146.

the statute is unambiguous, giving ordinary words their plain and ordinary meaning, the intent of the Legislature should be determined accordingly and further construction is precluded.

*Barbier, Goulet & Petersmarck, P.C.* (by *John L. Salter),* for plaintiff.

*Lacey & Jones* (by *Gerald M. Marcinkoski),* for defendants.

Before: V. J. Brennan, P.J., and M. J. Kelly and J. M. Graves,* JJ.

M. J. Kelly, J. Plaintiff was involved in a work-related automobile accident in New York in 1969. In 1979, he filed a claim with the Michigan Bureau of Workers' Disability Compensation for disability compensation benefits. Defendants moved to dismiss for lack of jurisdiction. The motion was denied. Defendants appealed to the Workers' Compensation Appeal Board, which reversed, 2 to 1, concluding that plaintiff's nonresidency in Michigan at the time of the accident precluded jurisdiction. Plaintiff appeals by leave granted.

Plaintiff was hired by the Ethyl Corporation, a Virginia corporation, in Michigan in 1953. Plaintiff worked for Ethyl Corporation in Michigan until 1965. He was then transferred to New York. From 1965 until 1973, plaintiff worked for Ethyl Corporation in New York and resided in Connecticut. Plaintiff's injury occurred in New York in 1969.

MCL 418.845; MSA 17.237(845), provides:

"The bureau shall have jurisdiction over all controversies arising out of injuries suffered outside this state where the injured employee is a resident of this state at the time of injury and the contract of hire was made in this state. Such employee or his dependents shall be

---

* Circuit judge, sitting on the Court of Appeals by assignment.

entitled to the compensation and other benefits provided by this act."

This section plainly says that in order for the Bureau of Workers' Disability Compensation to acquire jurisdiction over an out-of-state injury, the injured employee must *both* be a resident of Michigan at the time of the injury and have concluded a contract for hire in Michigan.

The statute is clear and unambiguous. There is no room, therefore, for us to attempt to "construe" the statute by reading the requirement of residency at the time of injury out of the statute. *Cf. Michigan Harness Horsemen's Ass'n v Racing Comm'r,* 123 Mich App 388; 333 NW2d 292 (1983) (explanation of statutory construction); *Detroit v Redford,* 253 Mich 453, 455; 235 NW 217 (1931) (explanation of statutory construction). Plaintiff was not a resident of Michigan at the time he incurred his out-of-state injury. The bureau could not, therefore, acquire jurisdiction.

We find that the case of *Roberts v IXL Glass Corp,* 259 Mich 644; 244 NW 188 (1932), which can be read as suggesting a different result, is not applicable to today's modern mandatory workers' compensation scheme. *Roberts* applies only to an earlier, voluntary workers' compensation statute. The present statutory scheme has been made mandatory and has been revised and refined. Being bound not to usurp legislative power, see Const 1963, art 3, § 2; *Michigan Harness Horsemen's Ass'n, supra,* p 388, we must apply the clear legislative mandate of the modern act's jurisdictional provisions.

We draw this bright line only on these facts. Questions of residency, dual residency or temporary domicile to perform contractual employment must await case-by-case interpretation.

Affirmed.