HALL v CHRYSLER CORPORATION

Docket No. 100947. Submitted May 12, 1988, at Detroit. Decided November 7, 1988. Leave to appeal applied for.

James L. Hall, a resident of Delaware, sought workers' compensation benefits for an injury that occurred in Newark, Delaware. Plaintiff had originally been hired by Chrysler Corporation in Michigan and was subsequently transferred to Delaware. The Workers' Compensation Appeal Board dismissed plaintiff's petition against both Chrysler and the Second Injury Fund for lack of jurisdiction. Plaintiff was denied leave to appeal by the Court of Appeals but the Supreme Court, in lieu of granting plaintiff's application for leave to appeal, remanded for consideration as on leave granted.

The Court of Appeals *held:*

An injured employee must both be a resident of Michigan at the time of the injury and have concluded a contract for hire in Michigan for the Bureau of Workers' Disability Compensation to acquire jurisdiction over the employee's out-of-state injury.

Affirmed.

WORKERS' COMPENSATION — OUT-OF-STATE INJURIES.

An injured employee must both be a resident of Michigan at the time of the injury and have concluded a contract for hire in Michigan for the Bureau of Workers' Disability Compensation to acquire jurisdiction over the employee's out-of-state injury (MCL 418.845; MSA 17.237[845]).

*Sachs, Nunn, Kates, Kadushin, O'Hare, Helveston & Waldman, P.C.* (by *Granner S. Ries*), for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Morrison Zack,* Assistant Attorney General, for Second Injury Fund.

REFERENCES
Am Jur 2d, Workmen's Compensation § 86.
See the Index to Annotations under Workers' Compensation.

*Lacey & Jones* (by *Gerald M. Marcinkoski*), for Chrysler Corporation.

Before: McDONALD, P.J., and KELLY and W. F. LaVoy,* JJ.

McDONALD, P.J. Plaintiff appeals by leave granted on remand from the Supreme Court a May 26, 1987, order and opinion of the Workers' Compensation Appeal Board which dismissed plaintiff's petition for total and permanent disability against defendants Chrysler Corporation and the Second Injury Fund (SIF).

The facts are undisputed. Plaintiff was originally hired in 1952 to work for Chrysler in Michigan. Following a layoff in 1957, plaintiff was offered, and accepted, a transfer to Chrysler's Newark assembly plant in Delaware where he worked until. 1978.

On November 24, 1978, plaintiff petitioned for workers' compensation benefits alleging a July 24, 1973, personal injury, and disablement on June 20, 1978, from occupational disease. Plaintiff was a Delaware resident at this time. Although Chrysler disputed plaintiff's right to benefits, it entered into a settlement agreement on April 28, 1980, to pay weekly benefits of $94. The agreement specified it was not to be determinative of the parties' rights under the Michigan Worker's Disability Compensation Act (WDCA). The order implementing this agreement reflected plaintiff's Wilmington, Delaware, address.

On June 27, 1980, plaintiff filed the instant petition against Chrysler and the SIF alleging total and permanent disability under the WDCA. This petition also reflected plaintiff's Wilmington, Delaware, address. The parties agreed that plaintiff

* Circuit judge, sitting on the Court of Appeals by assignment.

was under a Michigan employment contract but he was not a resident of Michigan at the time of the injury, and that the injury occurred outside Michigan.

Chrysler and SIF moved to dismiss for lack of jurisdiction over the parties. The motion to dismiss was granted by the hearing officer and affirmed by the WCAB in a September 11, 1986, order and opinion.

Plaintiff applied for leave to appeal with this Court, which was denied in an order dated November 26, 1986. Plaintiff then applied for leave to appeal with the Supreme Court. The Supreme Court remanded the matter to this Court for consideration as on leave granted, 428 Mich 898 (1987).

On appeal plaintiff claims the WCAB erred in finding that Michigan lacks jurisdiction over the parties and in dismissing plaintiff's petition. We disagree.

MCL 418.845; MSA 17.237(845) states:

> The bureau shall have jurisdiction over all controversies arising out of injuries suffered outside this state where the injured employee is a resident of this state at the time of injury and the contract of hire was made in this state. Such employee or his dependents shall be entitled to the compensation and other benefits provided by this act.

This Court has previously held that § 845 of the WDCA is clear and unambiguous and plainly states that in order for the Bureau of Workers' Disability Compensation to acquire jurisdiction over an out-of-state injury, the injured employee must both be a resident of Michigan at the time of injury and have concluded a contract for hire in Michigan.

*Wolf v Ethyl Corp,* 124 Mich App 368; 335 NW2d 42 (1983). See also *Bell v F J Boutell Driveaway Co,* 141 Mich App 802; 369 NW2d 231 (1985). In a carefully reasoned opinion, the *Wolf* Court distinguished the *Roberts v I X L Glass Corp,* 259 Mich 644; 244 NW 188 (1932), decision as inapplicable to the current mandatory workers' compensation statute.

The *Roberts* decision interpreted similar language from the 1912 Michigan workers' voluntary compensation statute and held that, if the contract of employment was entered into in Michigan, a subsequent out-of-state injury was compensable regardless of the residency of the parties. *Roberts, supra.* Because of the different nature of the 1912 Workers' Compensation Act, the *Wolf* Court held the *Roberts* decision to be inapplicable to the plain language of the Michigan WDCA. We agree with the reasoning contained in the *Wolf* decision and find that a person must be a resident of the state at the time of injury and be subject to the terms of an employment contract entered into in Michigan. Thus, since plaintiff freely admits he was not a Michigan resident at the time of the injury, the Bureau of Workers' Disability Compensation does not have jurisdiction over the parties and the WCAB properly dismissed plaintiff's petition.

Although plaintiff asserts such an interpretation of the statute violates his constitutional rights under the privileges and immunities clause of Article IV of the United States Constitution, plaintiff has failed to provide this Court with any argument or authority supporting this contention. We therefore consider the issue abandoned. *Provincial House, Inc v Dep't of Social Services,* 167 Mich App 1; 422 NW2d 241 (1988).

Affirmed.