YOUNG, J.
(dissenting). I dissent from the decision by the majority of justices to “overrule the retroactive effect of Karaczewski.”[1] Having failed to identify any flaw in the analysis of Karaczewski, overruling the application of the case is simply a means of substan *479 tively overruling Karaczewski without explicitly saying so. Karaczewski properly interpreted the plain language of MCL 418.845, and it was appropriately applied to the case at bar by the lower courts. Because the majority justices essentially render Karaczewski an advisory opinion, I dissent.
At the time of plaintiffs injury, MCL 418.845 provided:
The bureau shall have jurisdiction over all controversies arising out of injuries suffered outside this state where the injured employee is a resident of this state at the time of injury and the contract of hire was made in this state. Such employee or his dependents shall be entitled to the compensation and other benefits provided by this act. [Emphasis added.]
Here, there is no question that plaintiff was not a resident of this state when he was injured. Therefore, pursuant to MCL 418.845 and Karaczewski, the magistrate correctly held that the Workers’ Compensation Agency did not have jurisdiction.[2] This Court expressly stated in Karaczewski that its decision was to be applied to all pending cases. Karaczewski, 478 Mich at 44 n 15 (“[0]ur holding in this case shall apply to all claimants for whom there has not been a final judgment awarding benefits as of the date of this opinion.”). Because this was a pending case when Karaczewski was decided, Karaczewski is applicable.
*480 As Karaczewski noted, since the very first workers’ compensation jurisdictional statute was enacted in 1921, the law consistently provided the Michigan workers’ compensation system jurisdiction over out-of-state injuries when both (1) the injured employee resided in this state at the time of injury and (2) the contract of hire was made in Michigan. However, in Boyd v W G Wade Shows, 443 Mich 515; 505 NW2d 544 (1993), this Court declined to enforce the residency requirement because to do so would be “undesirable” and “unduly restrictive”[3] and because the requirement had been ignored by this Court since Roberts v I X L Glass Corp, 259 Mich 644; 244 NW 188 (1932).[4]
Karaczewski overruled Boyd on the basis of the rather unremarkable proposition that the use of the conjunction “and” in MCL 418.845 was unambiguous and that the statute must be applied as written. Nonetheless, in order to protect the reliance interests of injured plaintiffs who had already received an award of compensation benefits as part of a final judgment, Karaczewski’s holding was given limited retroactive effect, applying only to claimants who had not received a final judgment awarding benefits as of the date of the opinion.[5] While the Legislature *481 subsequently amended the relevant statutory provision to expand the agency’s jurisdiction over out-of-state injuries,[6] the Legislature chose not to give the amended statute retroactive application,[7] thus leaving claimants such as plaintiff subject to the holding in Karaczewski.[8]
The justices in the majority are unable to identify any analytical defect in the substantive holding in Karaczewski-, indeed, Justice WEAVER explicitly concurred in Karaczewski’s substantive analysis. Instead, they elect to overrule the limited retroactive application of the opinion in favor of purely prospective application.[9] However, as Wayne Co v Hathcock explained, purely prospective opinions are effectively advisory opinions, and our constitutional authority to issue advisory opinions is limited to those circumstances set forth in Const 1963, art 3, § 8, which are clearly not applicable in the present case.[10]
*482 The decision in this case is another instance in which the Court’s new philosophical majority seems to retreat from its previously stated fidelity to stare decisis.[11] *483 Since the shift in the Court’s philosophical majority in January 2009, the new majority has pointedly sought out precedents only recently decided[12] and has failed to give effect to other recent precedents of this Court.[13] Today, by overruling the retroactivity of Karaczewski, *484 the Court again refuses to apply a recent precedent of this Court. Because the justices in the majority use prospectivity as a means of substantively overruling Karaczewski, I dissent.
Corrigan and Markman, JJ., concurred with Young, J.

 Karaczewski v Farbman Stein & Co, 478 Mich 28; 732 NW2d 56 (2007).

 It is irrelevant that defendant did not pursue this jurisdictional issue until after Karaczewski was decided. All courts “must upon challenge, or even sua sponte, confirm that subject-matter jurisdiction exists ....” Reed v Yackell, 473 Mich 520, 540; 703 NW2d 1 (2005) (opinion by Taylor, C.J.). Thus, subject matter jurisdiction may he challenged at any time, even if raised for the first time on appeal. Lehman v Lehman, 312 Mich 102, 105-106; 19 NW2d 502 (1945); In re Cody’s Estate, 293 Mich 697, 701; 292 NW 535 (1940); In re Estate of Fraser, 288 Mich 392, 394; 285 NW 1 (1939).

 Boyd, 443 Mich at 524.

 However, as the dissenting justices in Boyd noted, the rationale of Roberts was based on the elective nature of workers’ compensation in place at that time Roberts was decided. The dissenters noted that the analytical underpinnings of Roberts were eliminated when the Legislature made the workers’ compensation scheme compulsory in 1943. Before Boyd, several Court of Appeals opinions had enforced the plain language of the statute on this basis. See Wolf v Ethyl Corp, 124 Mich App 368; 335 NW2d 42 (1983); Bell v F J Boutell Driveaway Co, 141 Mich App 802; 369 NW2d 231 (1985); Hall v Chrysler Corp, 172 Mich App 670; 432 NW2d 398 (1988).

 Karaczewski, 478 Mich at 44 n 15. While I agree with the lead opinion’s statement that this Court’s decisions are generally given fall retroactive effect, Karaczewski was explicitly given limited retroactive effect.

 2008 PA 499, effective January 13, 2009.

 See Brewer v A D Transp Express, Inc, 486 Mich 50; 782 NW2d 475 (2010).

 The fact that the Legislature amended MCL 418.845 after this Court’s decision in Karaczewski without indicating that it intended the amended statute to be applied retroactively makes this case significantly distinguishable from Pohutski v City of Allen Park, 465 Mich 675; 641 NW2d 219 (2002), in which this Court did apply its holding prospectively only, because in Pohutski the Legislature amended the pertinent statute before this Court’s decision and, thus, had no reason to indicate that it intended the amended statute to apply retroactively rather than this Court’s yet-to-be-decided decision in Pohutski. Even plaintiffs counsel acknowledged as much at oral argument when he stated, “I think that is a factual difference between Pohutski and this case and consequently you’d not he — certainly not required to follow or apply Pohutski to this case ....”

 Interestingly, Justice Weaver would have preferred to deny the benefit of the Karaczewski ruling even to the parties appearing before the Court in Karaczewski. Karaczewski, 478 Mich at 45 (Weaver, J., concurring in part and dissenting in part).

 Wayne Co v Hathcock, 471 Mich 445, 484 n 98; 684 NW2d 765 (2004) (“[T]here is a serious question as to whether it is constitutionally *482 legitimate for this Court to render purely prospective opinions, as such rulings are, in essence, advisory opinions. The only instance in which we are constitutionally authorized to issue an advisory opinion is upon the request of either house of the Legislature or the Governor — and, then, only ‘on important questions of law upon solemn occasions as to the constitutionality of legislation after it has been enacted into law but before its effective date.’ ”), quoting Const 1963, art 3, § 8.

 See, e.g., Pohutski v City of Allen Park, 465 Mich 675, 712; 641 NW2d 219 (2002) (Kelly, J., dissenting) (“[I]f each successive Court, believing its reading is correct and past readings wrong, rejects precedent, then the law will fluctuate from year to year, rendering our jurisprudence dangerously unstable.”); People v Hawkins, 468 Mich 488, 517-518; 668 NW2d 602 (2003) (Cavanagh, J., dissenting) (“ ‘We have overruled our precedents when the intervening development of the law has “removed or weakened the conceptual underpinnings from the prior decision, or where the later law has rendered the decision irreconcilable with competing legal doctrines or policies.” . .. Absent those changes or compelling evidence bearing on Congress’ original intent... our system demands that we adhere to our prior interpretations of statutes.’ ”), quoting Neal v United States, 516 US 284, 295; 116 S Ct 763; 133 L Ed 2d 709 (1996), quoting Patterson v McLean Credit Union, 491 US 164, 173; 109 S Ct 2363; 105 L Ed 2d 132 (1989); Rowland v Washtenaw Co Rd Comm, 4, 11 Mich 197, 278; 731 NW2d 41 (2007) (Cavanagh, J., dissenting) (“ ‘Under the doctrine of stare decisis, principles of law deliberately examined and decided by a court of competent jurisdiction become precedent which should not be lightly departed.’ ”), quoting People v Jamieson, 436 Mich 61, 79; 461 NW2d 884 (1990); Brown v Manistee Co Rd Comm, 452 Mich 354, 365; 550 NW2d 215 (1996) (“[A]bsent the rarest circumstances, we should remain faithful to established precedent.”); Devillers v Auto Club Ins Ass’n, 473 Mich 562, 622; 702 NW2d 539 (2005) (Weaver, J., dissenting) (“Correction for correction’s sake does not make sense. The case has not been made why the Court should not adhere to the doctrine of stare decisis in this case.”); Berg, Hathaway attacks, Michigan Lawyers Weekly, October 27, 2008 (“ ‘People need to know what the law is,’ Hathaway said. T believe in stare decisis. Something must be drastically wrong for the court to overrule.’ ”); Lawyers’ election guide: Judge Diane Marie Hathaway, Michigan Lawyers Weekly, October 30, 2006 (quoting Justice Hathaway, then running for a position on the Court of Appeals, as saying that “[t]oo many appellate decisions are being decided by judicial activists who are overturning precedent”).

 See, e.g., Univ of Mich Regents v Titan Ins Co, 487 Mich 289; 791 NW2d 897 (2010) (overruling Cameron v Auto Club Ins Ass’n, 476 Mich 55; 718 NW2d 784 [2006]); McCormick v Carrier, 487 Mich 180; 795 NW2d 517 (2010) (overruling Kreiner v Fischer, 471 Mich 109; 683 NW2d 611 [2004]); Lenawee Co Bd of Rd Comm’rs v State Auto Prop & Cas Ins Co, 485 Mich 853 (2009) (directing the parties to consider whether Miller v Chapman Contracting, 477 Mich 102; 730 NW2d 462 [2007], was correctly decided); Edry v Adelman, 485 Mich 901 (2010) (directing the parties to consider whether Wickens v Oakwood Healthcare Sys, 465 Mich 53; 631 NW2d 686 [2001], was correctly decided); Lansing Sch Ed Ass’n v Lansing Bd of Ed, 487 Mich 349; 792 NW2d 686 (2010) (overruling Lee v Macomb Co Bd of Comm’rs, 464 Mich 726; 629 NW2d 900 [2001]); Anglers of the Au Sable, Inc v Dep’t of Environmental Quality, 485 Mich 1067 (2010) (directing the parties to consider whether Mich Citizens for Water Conservation v Nestlé Waters North America Inc, 479 Mich 280; 737 NW2d 447 [2007], and Preserve the Dunes, Inc v Dep’t of Environmental Quality, 471 Mich 508; 684 NW2d 847 [2004], were correctly decided); Hoover v Mich Mut Ins Co, 485 Mich 881 (2009) (directing the parties to consider whether Griffith v State Farm Mut Auto Ins Co, 472 Mich 521; 697 NW2d 895 [2005], was correctly decided); Colaianni v Stuart Frankel Dev Corp, 485 Mich 1070 (2010) (granting leave to appeal to consider whether Trentadue v Buckler Automatic Lawn Sprinkler Co, 479 Mich 378; 738 NW2d 664 [2007], was correctly decided).

 See, e.g., Hardacre v Saginaw Vascular Servs, 483 Mich 918 (2009), in which the majority failed to follow Boodt v Borgess Med Ctr, 481 Mich 558; 751 NW2d 44 (2008); Sazima v Shepherd Bar & Restaurant, 483 Mich 924 (2009), in which it failed to follow Chrysler v Blue Arrow Transp Lines, 295 Mich 606; 295 NW 331 (1940), and Camburn v Northwest Sch Dist (After Remand), 459 Mich 471; 592 NW2d 46 (1999); Vanslembrouck v Halperin, 483 Mich 965 (2009), in which it failed to follow Vega v Lakeland Hosps, 479 Mich 243, 244-245; 736 NW2d 561 (2007); Juarez v Holbrook, 483 Mich 970 (2009), in which it failed to follow Smith v Khouri, 481 Mich 519; 751 NW2d 472 (2008); Beasley v Michigan, 483 Mich 1025 (2009), Chambers v Wayne Co Airport Auth, 483 Mich 1081 (2009), and Ward v Mich State Univ, 485 Mich 917 (2009), in which it failed to follow Rowland; and Scott v State Farm Mut Auto Ins Co, 483 Mich 1032 (2009), in which it failed to follow Thornton v Allstate *484 Ins Co, 425 Mich 643; 391 NW2d 320 (1986), and Putkamer v Transamerica Ins Corp of America, 454 Mich 626; 563 NW2d 683 (1997).