This is an appeal from a guardianship accounting in Kent county. Lewis P. Cody was appointed guardian in July, 1926, of his wife, Caroline P. Cody, who was then adjudged mentally incompetent. The inventory of guardianship assets disclosed a total of $6,454.77. Mr. Cody continued to act as guardian until the death of his wife on December 2, 1937. Thereafter his final account as guardian, showing a balance in the estate of $943.55, was allowed and he and his surety were discharged by an order entered in the probate court August 4, 1938. Mr. Cody as executor named in the will of his deceased wife receipted to himself as guardian for the assets of the guardianship estate. By her will Mrs. Cody made a grandson, Walter H. Blodgett, her residuary legatee; and the will has been admitted to probate. *Page 699 
After the time had expired within which an appeal might have been taken as a matter of right from the allowance of the guardian's final account, Walter H. Blodgett obtained leave from the circuit court to perfect a delayed appeal, such having been obtained over the objection of the guardian. The surety on the guardian's bond, given incident to a sale of real estate, entered its appearance and moved to dismiss the appeal. Seemingly the motion to dismiss was denied; and the appeal was heard on the merits. Thereafter a final order was entered whereby it was adjudged that the balance due from the guardian to the estate of Caroline P. Cody, mentally incompetent, as of the date of her death was $8,524.53. The guardian has appealed and Walter H. Blodgett has taken a cross-appeal.
Both in the circuit court and on the appeal to this Court the question is raised as to the right of Walter H. Blodgett, as the residuary legatee named in Mrs. Cody's will, to take an appeal from the order of the probate court approving the final account of the guardian and from its subsequent order discharging him and his surety. If, as the guardian and his surety assert, the circuit court was without jurisdiction to grant such an appeal, no consideration can be given to other questions passed upon by the circuit court.
The right of appeal from probate courts is subject to statutory limitations. The general statutory provision in part reads as follows:
"In all cases not specifically prohibited by statute, any person aggrieved by any order, sentence, decree or denial of the judge of probate, may appeal therefrom to the circuit court." 3 Comp. Laws 1929, § 15958 (Stat. Ann. § 27.3158).
But the right to appeal from orders made in guardianship proceedings is specifically governed by *Page 700 
another section of the statute which, so far as pertinent, reads:
"The husband, wife or next of kin of any person under guardianship, may appeal from any order of the probate court or the circuit court in chancery, allowing the account of the guardian or guardians of such person under guardianship or any other order of such courts, directing or sanctioning any action of such guardian affecting the estate of such person under guardianship, upon the same terms and conditions as are or may be provided by statute for appeals from other orders of such courts." 3 Comp. Laws 1929, § 15973 (Stat. Ann. § 27.3173).
It thus appears that the statutory provision governing appeals in guardianship proceedings limits the right of appeal to "husband, wife or next of kin of any person under guardianship." At Mrs. Cody's death she left surviving her not only her husband, Mr. Cody, but also children of a former marriage, among whom was the father of Walter H. Blodgett. Conclusively Walter H. Blodgett does not come within the limitations of the quoted statute as being either "husband, wife or next of kin" of Caroline P. Cody, mentally incompetent; and therefore by reason of the statutory limitation upon the right to appeal from the probate court in guardianship matters, the circuit court was without power to acquire jurisdiction by granting leave to appeal on the petition of Walter H. Blodgett.
In the brief filed in behalf of Walter H. Blodgett it is stressed that the order of the circuit judge granting the appeal from the probate court can be reviewed in this Court only by mandamus. Granting that this contention would be sound in a case wherein the jurisdiction of the appellate court was not challenged, still it cannot be urged in the instant case wherein by reason of statutory limitations the circuit court *Page 701 
was without power to grant the appeal. And the question of jurisdiction may be properly presented to and passed upon by a court at any stage of pending proceedings.
The fact that Walter H. Blodgett has an interest in the estate of Mrs. Cody, deceased, as her residuary legatee, does not relieve the instant case from the statutory limitation on the right of appeal from the probate court in guardianship proceedings. If he finds himself without remedy on the law side of the court it may necessitate resort to proceedings in equity where a moving party may be required to do equity. However, except as hereinbefore considered the matter of proper procedure is not before us for present determination.
The final order entered on the appeal from the probate court to the circuit court and the order allowing the appeal will be vacated by a proper order of the circuit court; and thereafter the proceedings will be certified back to the probate court. The guardian will have costs of both courts.
BUSHNELL, C.J., and SHARPE, POTTER, CHANDLER, McALLISTER, WIEST, and BUTZEL, JJ., concurred.