1 Mich. App. 331 (1965)
136 N.W.2d 39
In re GRAY ESTATE.
GLOBENSKY
v.
ST. JOSEPH-BENTON HARBOR MEMORIAL HOSPITAL.
Docket No. 454.
Michigan Court of Appeals.
Decided July 19, 1965.
Goodenough & Buesser (Leonard W. Smith, of counsel), for trustee.
A.G. Preston, Jr., for contestant.
HOLBROOK, J.
The will of Luman H. Gray established two trusts. The deceased's widow is the current income beneficiary of both. The corpus of trust "A" is to be paid into trust "B" if the widow *333 fails to exercise her power of appointment. The contestant-appellee herein is the St. Joseph-Benton Harbor Memorial Hospital, the remainderman of trust "B". The will empowered the trustees to mortgage property and repair and remodel buildings, since the principal asset of the estate was a building, and to allocate receipts and expenditures between income and principal accounts. The petitioner-appellant is the surviving trustee.
Nearly all of the income in the two trusts has been derived from the rental of the Gray building, which was subject to a mortgage (balance March 1, 1955, $23,763.21). This mortgage was increased August 5, 1955, to $55,200 to permit the trustees to purchase a legacy of 5% interest in the estate. Additional amounts of $50,000 on May 22, 1961, and $120,000 on April 17, 1962, were borrowed to pay for improvements to the Gray building.
The trustees filed seven annual accounts for each of the years commencing from 1955 to July 1, 1962, inclusive. Each of these accounts, after being properly noticed, was allowed by the probate judge. The trustees distributed to the testator's wife from trust "A" and to testator's father from trust "B" all of the net income shown in these annual accounts wherein income and disbursements were reported on a cash basis and allocated to income. For the last three annual periods, both of the income trust beneficiaries signed receipts in the following form:
"Received of the Luman H. Gray Trusts the sum of $____ in full for my distributive share of trusts (A or B) for the period from July 1, ____, to July 1, ____."
These receipts have been filed with the annual accounts.
An eighth annual account was filed by petitioner-appellant for the period of July 1, 1962, to July 1, *334 1963. This account was never passed upon by the probate court. On September 4, 1964, petitioner filed an amended eighth annual account reflecting the allocation of receipts and disbursements for the year to income and principal and revised the inventory of the assets of trusts "A" and "B", as of July 1, 1962, showing an allocation of all receipts and disbursements for the first seven annual accounting periods on an income and principal basis resulting in additional income for trust "A" of $39,746.96 and trust "B" of $46,371.65, and the corpus of each trust diminished by the same amounts. Petitioner simultaneously filed a separate petition praying for allowance of the amended eighth annual account and for construction of the last will of said Luman H. Gray, particularly as to the manner for accounting of the receipts and disbursements in said trusts, and for other relief.
Contestant-appellee, the St. Joseph-Benton Harbor Memorial Hospital, filed objections to the granting of the amended eighth annual account and petition.
A hearing on said account and petition was held in the Berrien county probate court before the Honorable Julien E. Hughes on October 23, 1964. In accord with the written opinion of the court dated December 30, 1964, an order of the court was filed December 31, 1964, which relates in part as follows:
"It is hereby ordered, that the eighth annual account as amended be allowed except as follows: * * *
"2. The principal account is not to reflect any adjustments resulting from retrospective allocation of income and disbursements prior to July 1, 1962."
Petitioner-appellant thereupon appealed to this Court and stated in her claim of appeal:
*335 "Virginia H. Globensky, petitioner, claims an appeal from the order entered December 31, 1964, in the probate court for the county of Berrien, Michigan, by Julien E. Hughes, judge of probate."
Contestant-appellee herein raises the issue of jurisdiction of this Court to hear the appeal claiming the appeal should be heard in the circuit court for Berrien county.
The statute providing for appeals to this Court from probate court is contained in PA 1961, No 236, § 308, as added by PA 1964, No 281 (CL 1948, § 600.308 [Stat Ann 1965 Cum Supp § 27A.308]), which provides in part as follows:
"The Court of Appeals has jurisdiction on appeals from: * * *
"(2) All final judgments from justice courts, police courts, municipal courts, probate courts, common pleas courts, or other court inferior to the circuit courts, which on appeal are not triable de novo. All appeals from final judgments from the aforementioned courts which are triable de novo shall continue to be taken to the circuit courts." (Emphasis supplied.)
To determine the meaning of "trial de novo" we turn to GCR 1963, 701.1[1] and 701.10, which provide in part as follows:
"Rule 701.1. Application of the Court Rules. Every appeal to the circuit courts from any probate, * * * or circuit court commissioner's court or a judge thereof shall be exclusively governed by these rules in all civil proceedings, excepting, however, that appeals from final judgments of said courts which are not to be tried de novo are to be taken directly to the Court of Appeals in accordance with sub-rule 806.1. * * * For the purpose of these rules, `trial de novo' means a trial in which either party may introduce evidence."
*336 "Rule 701.10. Determination of the Appeal. Unless otherwise provided by law, review in the circuit court is to be a retrial of issues upon evidence to be introduced in the reviewing court." (Emphasis supplied.)
GCR 1963, 806.1,[2] referred to in the above rule provides in part as follows:
"Appeal as of Right. In all criminal and civil matters, an aggrieved party shall have a right to appeal from all final judgments from the circuit courts, recorder's courts, and court of claims and from all final judgments which are appealable by law as a matter of right from * * * probate courts, common pleas courts or other courts inferior to the circuit courts and which on appeal are not triable de novo. Final judgments or interlocutory orders of courts which by law are appealable to the circuit court only upon leave or on appeal are to be tried de novo in the circuit court shall continue to be tried in the circuit court." (Emphasis supplied.)
Appeals from probate court are provided by PA 1939, No 288, as amended by PA 1941, Nos 26, 176 (CL 1948, §§ 701.36, 701.42 [Stat Ann 1962 Rev §§ 27.3178 (36), 27.3178 (42)]), which state in part as follows:
"Sec. 36. In all cases not specifically prohibited by statute, any person aggrieved by any order, sentence, decree or denial of the judge of probate, may appeal therefrom to the circuit court for the same county, by filing a notice thereof with the judge of probate, within 20 days from the date of the order, sentence or denial appealed from, giving the reason for such appeal, together with such bond as is required in section 39 of this chapter."
"Sec. 42. When such certified copy shall have been filed in the circuit court, with the evidence of filing the requisite bond, and of giving notice as *337 aforesaid, such court shall proceed to the trial and determination of the question according to the rules of law; and if there shall be any question of fact to be decided, issue may be joined thereon, under the direction of the court, and a trial thereof had by jury."
The appeal by petitioner is from the order of the court which passed upon the allowance of the eighth annual account. In Showers v. Morrill (1879), 41 Mich 700, 701, it is stated in part as follows:
"The statute authorizes any person aggrieved by any order, sentence, decree or denial of a judge of probate to appeal therefrom. CL 1871, § 5216. This clearly does not authorize or permit an appeal to be taken from the disallowance of certain items in an account. The appeal must be taken from the order, which brings up the entire matter and permits a rehearing upon each and every item in the account."
The statute presently applicable concerning appeals from probate courts is very similar to the one cited in the case of Showers v. Morrill, supra. In the case of Reed v. Whipple (1905), 140 Mich 7, 19, 20, it is stated in part as follows:
"The only remaining exceptions, not already considered, relate to the finding and determination of the court relative to the appeal from the probate court, and dismissing the same because the issues presented were not raised in the probate court. We think these exceptions are well taken. If the court was right in his holding, no appeal can be taken in any case from probate court to the circuit court where the party appealing does not appear and tender an issue in probate court upon all questions he may desire to raise upon an appeal, and that no appeal can be tried in the circuit court upon questions not raised and passed upon in probate court. In cases of accountings by administrators and executors this is not the law. * * *
*338 "This appeal brought the whole account before the circuit court. The appeal was properly made."
It appears from said cases cited that in such appeals from the probate court, the circuit court would have authority to review the entire matter de novo with testimony being presented to aid the court in determining the issues.
The General Court Rules, specifically 701.10, provide the review in the circuit court of such an appeal to be a retrial of issues upon evidence to be introduced in the reviewing court.
This Court therefore concludes an appeal from the probate court of an annual account or final account permits evidence to be introduced by the proper parties. Such a conclusion classifies this type of appeal from the probate court to the circuit court as one "triable de novo."
Appellee has raised in its pleadings the issue of jurisdiction of this Court to hear this appeal. Appellant asserts that appellee should have filed a motion to dismiss in accordance with GCR 1963, 817.5.[3] It is true that appellee could have filed a motion to dismiss because the appeal was not within the jurisdiction of the Court of Appeals. However, GCR 1963, 817.5 is permissive by its terms. The question of jurisdiction may be properly presented to and passed upon by a court at any stage of pending proceedings. In re Cody's Estate (1940), 293 Mich 697, 701.
The Court of Appeals not having jurisdiction to hear this appeal from the probate court, the proceedings will be certified back to the probate court. Costs to appellee.
FITZGERALD, P.J., and McGREGOR, J., concurred.
NOTES
[1] See 373 Mich civ.  REPORTER.
[2] See 373 Mich xxxvii.  REPORTER.
[3] See 373 Mich lxv.  REPORTER.