### DETROIT PLASTIC PRODUCTS CORPORATION ·
#### v. TOLCO CORPORATION

COURTS—JURISDICTION—FOREIGN CORPORATION—ACCELERATED JUDGMENT.

> Accelerated judgment for defendant foreign corporation, in action in Michigan court by Michigan corporation for price of goods sold to defendant, was improperly granted where defendant's answers to interrogatories showing that it had sold some products to Michigan residents raised fact question whether defendant's business dealings and connections in Michigan might justify invoking limited or general jurisdiction of court (CLS 1961, §§ 600.715[1], 600.711).

Appeal from Wayne, Swainson (John B.), **J.** Submitted Division 1 December 4, 1968, at Detroit. (Docket No. 4,601.) Decided December 20, 1968.

Complaint by Detroit Plastic Products Corporation, a Michigan corporation, against Tolco Corporation, an Ohio corporation, for refusal to pay for products manufactured by plaintiff and delivered to defendant in Ohio. Accelerated judgment for defendant. Plaintiff appeals. Reversed and remanded for further proceedings.

*Robert L. Coopes,* for plaintiff.

*Ripple, Chambers & DeWitt,* for defendant.

REFERENCE FOR POINTS IN HEADNOTE
41 Am Jur, Pleading §§ 335–343.

PER CURIAM. Plaintiff-appellant, a Michigan corporation, located at Detroit, Michigan, sold and delivered to the defendant, an Ohio corporation, of Toledo, Ohio, plastic products manufactured in Michigan.

Defendant failed or refused to pay for the products in the amount of $3,019.67. Plaintiff brought this action in the circuit court for Wayne county against defendant to recover the price of the products delivered.

Defendant entered a special appearance and moved for an accelerated judgment of no cause of action because of lack of jurisdiction over the person of defendant. After a hearing the trial judge granted the accelerated judgment in favor of defendant which reads in part:

"It appearing to the court that the defendant is incorporated under the laws of the State of Ohio and had not entered into any contract in connection with the matter set forth in plaintiff's complaint for materials to be furnished or services to be performed by said defendant within the State of Michigan, and it further appearing that no other basis for jurisdiction over the person of the defendant by the courts of the State of Michigan exists, now therefore,

"It is ordered and adjudged that said defendant's motion for accelerated judgment be granted and an accelerated judgment of no cause for action be, and the same hereby is, entered in favor of said defendant and against the plaintiff."

Plaintiff appeals and raises the question, did the Wayne county circuit court have jurisdiction over defendant foreign corporation to hear plaintiff's complaint?

Plaintiff asserts the answer to this question should be "yes," and cites to the Court the statutory provisions giving our State courts jurisdiction over corporations.

CLS 1961, § 600.715 (Stat Ann 1962 Rev § 27A-.715) provides for limited jurisdiction as follows:

"The existence of any of the following relationships between a corporation or its agent and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise limited personal jurisdiction over such corporation and to enable such courts to render personal judgments against such corporation arising out of the act or acts which create any of the following relationships:

"(1) The transaction of any business within the state. * * *

"(5) Entering into a contract for services to be performed or for materials to be furnished in the state by the defendant." ·

The motion of defendant for accelerated judgment asserts *inter alia* and is fortified by an affidavit of the president of defendant corporation that the defendant has not consented to jurisdiction of the courts of the State of Michigan and has not transacted any business within this State in connection with the matter alleged in plaintiff's complaint and that defendant has not entered into any contract in connection with the matter set forth in plaintiff's complaint for material to be furnished or services to be performed by defendant within the State of Michigan. Neither plaintiff's complaint nor defendant's answers to plaintiff's interrogatories refute these statements made in defendant's motion for accelerated judgment.

We conclude that under this Court's decision in *Corey* v. *Cook & Company* (1966), 3 Mich App 359,

the Wayne county circuit court did not obtain jurisdiction over defendant corporation under subparagraph 5 of the limited jurisdiction statute. As to subparagraph 1 of the statute we find that this question is one of fact to be dealt with by the trial court as hereinafter provided.

Plaintiff claims that defendant corporation was subject to the jurisdiction of the courts of Michigan under the general jurisdiction statute, CLS 1961, § 600.711 (Stat Ann 1962 Rev § 27A.711) which provides:

"The existence of any of the following relationships between a corporation and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise general personal jurisdiction over such corporation and to enable such courts to render personal judgments against such corporation.

"(1) Incorporation under the laws of this state.

"(2) Consent, to the extent authorized by the consent.

"(3) The carrying on of a continuous and systematic part of its general business within the state."

Defendant asserts that jurisdiction under this statute was not advanced or presented to the trial court and therefore should not be considered on appeal. Plaintiff answers in its brief that it was argued before the trial court before the court's decision was made,* and also that the matter of jurisdiction can be raised and considered at any stage of the proceedings. *In re Cody's Estate* (1940), 293 Mich 697; *Lehman* v. *Lehman* (1945), 312 Mich 102; *In re Gray Estate* (1965), 1 Mich App 331; *Millman Brothers, Inc.* v. *City of Detroit* (1966), 2 Mich App 161.

---

* No transcript of the argument has been furnished this Court.

We determine it necessary to consider this juris-
dictional question to properly dispose of this appeal.
It appears to this Court that defendant corporation
understood that the general jurisdiction statute was
relied upon by plaintiff because in defendant's
motion and supporting affidavit for accelerated judg-
ment it is stated:

"The defendant carries on no continuous or sys-
tematic part of its business within this State."

The plaintiff's interrogatories submitted to de-
fendant corporation for answer contain the follow-
ing questions:

"1. The defendant corporation shall state whether
or not it is licensed to do business in the State of
Michigan.

"2. The defendant corporation shall state whether
or not any part of its sales are made in the State of
Michigan.

"3. The defendant corporation shall state what
percentage of its sales are made in the State of
Michigan.

"4. The defendant corporation shall state whether
or not it has sold any of its products of any size,
shape or nature to any resident in the State of
Michigan be it a natural resident or a legal entity."

The defendant answered the questions in the follow-
ing manner: 1. No; 2. Some sales were made to
Michigan customers but the acceptance of such sales
is in Ohio; 3. 9.59%; 4. Yes.

In *June* v. *Vibra Screw Feeders, Inc.* (1967), 6
Mich App 484, this Court stated on pp 489, 490 as
follows:

"The question of jurisdiction over foreign corpo-
rations and the service of process on foreign corpo-
rations were both covered in the leading case of

*International Shoe Company* v. *Washington* (1945), 326 US 310 (66 S Ct 154, 90 L Ed 95). On page 316 of the opinion, the question of jurisdiction over foreign corporations was covered by Chief Justice Stone, thus:

"'Due process requires only that in order to subject a defendant to a judgment *in personam,* if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *Milliken* v. *Meyer,* 311 US 457, 463 (61 S Ct 339, 343, 85 L Ed 278, 283, 132 ALR 1357).' [Citing further authorities.]"

It is necessary to now consider what are the traditional notions of fair play and substantial justice that will not offend in subjecting foreign corporations to general *in personam* jurisdiction in Michigan. *Hellman* v. *Ladd* (1946), 315 Mich 150, is authority for the rule that each case must stand on its own facts. A decision in the recent case of *Donley* v. *Whirlpool Corporation* (ED Mich, 1964), 234 F Supp 869, held that jurisdiction was properly invoked where the foreign corporation had significant contacts with Michigan by continuous and systematic sales and shipments of goods directly to customers within the State which constituted small but substantial portions of corporation sales. Other helpful guides are found in 2 L Ed 2d 1668 and 12 ALR 2d 1439.

The affidavit of defendant corporation stating the conclusion that it did not carry on a continuous and systematic part of its general business within the State, appears to be inconsistent with defendant's answer to the plaintiff's interrogatories which stated that 9.59% of defendant's sales are made in Michigan.

The facts concerning defendant corporation's business dealings and connections in the State of Michigan, when determined, may or may not justify invoking limited or general jurisdiction over defendant corporation in this action. We conclude that the issues should be resolved after proper inquiry by the trial court.

The order granting accelerated judgment in favor of defendant is hereby set aside and the cause remanded to the circuit court for Wayne county for further proceedings not inconsistent with this opinion. Costs to await final determination.

LEVIN, P. J., and HOLBROOK and ROOD, JJ., concurred.