KERWIN *v.* RETTIE.

1. Courts—Jurisdiction.

   The question of jurisdiction can be raised at any stage of the proceedings.

2. Appeal and Error—Questions Reviewable—Lack of Jurisdiction.

   The question of lack of jurisdiction is open on appeal notwithstanding it was not raised in the trial court.

3. Courts—Review of Municipal Action as to Pensions for Policemen.

   In the absence of provisions for the review of action of a city commission in administering the provisions of a city charter relative to pensions for retired policemen and their dependents, such action will be reviewed only on the basis that it was arbitrary, capricious, unreasonable, and contrary to the established facts (Port Huron Charter, chap. 14).

4. Mandamus—Jurisdiction—Municipal Corporations—Arbitrary Action as to Pensions.

   A circuit court is without jurisdiction to issue writ of mandamus to compel action on the part of city commission administering city charter provisions relative to pensions for retired policemen and their dependents in the absence of any provision for appeal or review of the commission's findings and of allegations or proof of any arbitrary, capricious, or unreasonable action on its part (Port Huron Charter, chap. 14).

   McAllister and Wiest, JJ., dissenting.

Appeal from St. Clair; Telfer (Laurie O.), J. Submitted June 4, 1940. (Calendar No. 41,116.) Decided September 6, 1940. Rehearing denied November 13, 1940.

Mandamus by Agnes Kerwin to compel Charles D. Rettie, mayor, and Malcolm D. Patrick, Harry C. Schuberth, Otto A. Schmekel, and William N. Powell, commissioners of the city of Port Huron, a municipal corporation, to vacate a resolution of the

city commission reducing petitioner's pension and to restore it to its former rate. Writ granted. Defendants review by appeal in the nature of certiorari. Reversed.

*Samuel D. Pepper,* City Attorney (*Stewart & Black,* of counsel), for appellant.

*Walsh, Walsh & O'Sullivan,* for appellee.

Bushnell, C. J. Plaintiff Agnes Kerwin is the widow of Captain Richard Kerwin, who became a member of the Port Huron police department in 1895 and was promoted to the rank of captain in 1907. According to the testimony of Lieutenant Dingwell, who served with Captain Kerwin, the Captain "was slowing up" along in 1925, and Lieutenant Mills was appointed Captain in his place. Kerwin thereafter acted as officer in the court room of the city court. While on active duty as a police captain, he received a salary of $180 per month, and as court officer was paid $150 per month. He was carried on the pay rolls as court officer until April 16, 1937, when he was either retired or placed on leave at a salary of $82.50 per month, which he drew until his death on October 18, 1937. His widow received the sum of $82.50 per month until March 15, 1938, when her pension was reduced to $45.48 per month, and on December 28th to $41.25 per month.

Claiming that the present rate of pay for a captain of police is $177 per month, plaintiff filed a petition in the circuit court for a writ of mandamus requiring the mayor and commissioners of the city to pay her a pension of $88.50 per month. Proofs were taken which disclosed that the amounts paid plaintiff had been determined by various resolutions of the city commission, under its interpretation of the city charter. Testimony was presented

as to the duties performed by the late Captain Kerwin, his rank and pay, including a commission issued to him on January 1, 1935, by C. L. Boynton, then commissioner of public safety, appointing Kerwin to the position of captain in the Port Huron police department, to date from December 15, 1895. The circuit court issued a writ of mandamus requiring the defendants to pay petitioner the sum of $88.50 per month and, in addition, the difference between that amount and previous payments, in accordance with the provisions of chapter 14 of the charter of the city of Port Huron, payment of arrearages and future payments subject, however, to a deduction of one per cent. as provided in the charter.

A motion to reopen the proofs and consider the question of jurisdiction was denied, the court filing a written decision to the effect that the motion raised a new issue.

On appeal, defendants contend that the circuit court was without jurisdiction to issue the writ and that the same should be set aside. Appellee contends that the writ should be sustained, having been supported by sufficient testimony, and that the challenge to the jurisdiction, not having been raised prior to judgment, cannot be considered on appeal.

The question of jurisdiction can be raised at any stage of the proceedings. *Warner* v. *Noble,* 286 Mich. 654, and authorities collected at page 659. In *Township of Warren* v. *Raymond,* 291 Mich. 426, the court said:

"The question of lack of jurisdiction is open on appeal notwithstanding it was not raised in the trial court."

Decision is controlled by *McCarthy* v. *Couzens,* 214 Mich. 501. In that case the widow of a deceased fireman sought a pension to which she claimed she was entitled because her husband had died from in-

juries received in the discharge of his duties and within one year thereafter. After a hearing, the fire commission denied her petition and a subsequent petition for rehearing was denied by the pension committee of the fire commission. A writ of mandamus was issued by the circuit court of Wayne county, requiring the committee to grant the pension. This court held that the question presented to the commission was one of fact and the commission and its successor, the pension committee, were performing a quasi-judicial rather than a ministerial function; that their action could be reviewed by the circuit court only on the basis that it was arbitrary, capricious, unreasonable, and contrary to the established facts; and that, in the absence of such showing, the action of the commission must be deemed final and not reviewable because there was no provision in the charter of the city of Detroit for such review on appeal. See, also, authorities collected in 117 A. L. R. p. 1408.

In the present case it is contended that the Port Huron commission acted in a ministerial capacity only, and did not grant plaintiff a formal hearing. In any event, defendants were required to determine such questions of fact as how long plaintiff's decedent had served in the police department, his rank, and that in which he was serving at the time of his retirement, et cetera. Under this view of the situation, in the absence of any provision for appeal or review from the commission's findings and of allegations or proof of any arbitrary, capricious, or unreasonable action on the part of the commission, the circuit court was without jurisdiction to issue its writ of mandamus.

The order is vacated, but without costs.

SHARPE, CHANDLER, NORTH, and BUTZEL, JJ., concurred with BUSHNELL, C. J.

WIEST, J. (*dissenting*). Plaintiff's husband was duly advanced to the rank of captain and never demoted.

The order of the circuit judge, requiring defendants to comply with the mandatory charter provision fixing the rights of plaintiff, should be affirmed.

MCALLISTER, J., concurred with WIEST, J. The late Justice POTTER took no part in this decision.