LEHMAN *v.* LEHMAN.

1. APPEAL AND ERROR—DIVORCE CASES—DE NOVO REVIEW.
   Since suits for divorce are chancery cases, review thereof by the Supreme Court is *de novo.*

2. COURTS—JURISDICTION.
   Courts are bound to take notice of the limits of their authority and should, on their own motion, though the question is not raised by pleadings or counsel, recognize lack of jurisdiction and stay proceedings, dismiss the action, or otherwise dispose thereof at any stage of the proceeding.

---

A judgment is void if it is not rendered by a court with competency to render it, see Restatement, Judgments, § 7.

3. SAME—QUESTION AS TO JURISDICTION MAY BE RAISED AT ANY
   TIME.
   The question of jurisdiction may be properly presented to and
   passed upon by a court at any stage of pending proceedings.

4. DIVORCE—JURISDICTION—RESIDENCE OF PARTIES.
   Under record clearly establishing that although both parties to
   suit for divorce were residents of the State, neither party was
   a resident of the county where suit was commenced or when
   decree was entered, the circuit court was without jurisdiction
   to grant a decree of divorce (3 Comp. Laws 1929, § 12728).

5. SAME—JURISDICTION—STATUTES—CONSENT.
   The jurisdiction of the court in suits for divorce is statutory
   and can not be conferred by consent of the parties (3 Comp.
   Laws 1929, § 12728; § 12731, as amended by Act No. 2, Pub.
   Acts 1941).

6. SAME—JURISDICTION—PLEADING—EVIDENCE—RESIDENCE.
   In suit for divorce the failure to allege residence in the county
   could be cured by amendment, but the fact of residence must
   be proved in order to provide the court with jurisdiction to
   grant a decree of divorce (3 Comp. Laws 1929, § 12728;
   § 12731, as amended by Act No. 2, Pub. Acts 1941).

7. SAME—COSTS—JURISDICTION—QUESTION FIRST RAISED ON APPEAL.
   Costs on appeal are allowed defendant wife in suit for divorce
   where bill and cross bill are dismissed because trial court
   lacked jurisdiction to enter decree of divorce and lack of
   jurisdiction was first raised on appeal.

Appeal from Chippewa; Runnels (Herbert W.), J.
Submitted June 8, 1945. (Docket No. 56, Calendar
No. 43,039.)  Decided June 29, 1945.

Bill by Gustave A. Lehman, Jr., against Marie
Louise Lehman for a divorce on ground of extreme
and repeated cruelty. Cross bill by defendant
against plaintiff for divorce on ground of extreme
and repeated cruelty. Decree for plaintiff. De-
fendant appeals. Reversed and bill and cross bill
dismissed.

*F. Ray Gillespie* (*Hubbard & McCullough*, of counsel), for plaintiff.

*Adams & Fenlon* (*Buckingham, Piggins & Rehn*, of counsel), for defendant.

Starr, C. J. These parties were married in Wayne county in September, 1941. He was employed as a maintenance man and she as a waitress in a Detroit hotel. A son was born to them in July, 1942, and they separated in March, 1943.

In September, 1943, plaintiff filed bill of complaint in Chippewa county, where his parents resided. He charged defendant with extreme and repeated cruelty and asked for an absolute divorce and custody of their infant son. Defendant filed answer and cross bill, denying the charges against her and alleging that plaintiff was guilty of extreme and repeated cruelty. She asked for a divorce and custody of the child. The case was tried, and on May 5, 1944, the court entered a decree granting plaintiff a divorce and awarding custody of the child to his parents. Defendant appeals, and, this being a chancery case, we review *de novo*.

The only question requiring determination is whether or not the trial court had jurisdiction to grant the divorce decree in question. Plaintiff alleged, and the record shows, that he had resided in this State for one year immediately preceding the filing of his bill, as required by 3 Comp. Laws 1929, § 12731, as amended by Act No. 2, Pub. Acts 1941 (Comp. Laws Supp. 1943, § 12731, Stat. Ann. 1944 Cum. Supp. § 25.89).

However, there was no proof that either party was a resident of Chippewa county, as required by 3 Comp. Laws 1929, § 12728 (Stat. Ann. § 25.86), which provides in part:

"A divorce from the bonds of matrimony may be decreed by the circuit court of the county where the parties *or one of them,* reside."

Following their marriage the parties had established and maintained a home in Detroit, and after their separation each of them continued to reside in Detroit. Defendant said she intended to make her home there with her brother. Plaintiff admitted that he returned to Chippewa county "merely for this suit." He testified:

" I was working as a maintenance engineer at the Fort Shelby (hotel in Detroit). * * *
"*Q. You came up here merely for this suit?*
"*A. Yes, sir.*
"*Q.* And you expect to go back there (Detroit) to work?
"*A.* Yes, sir. * * *
"After that (September 1, 1943) I came up north and *visited* my parents * * * and my sister in the Sault for some time and when I went back to Detroit I went to work * * * at the Fort Shelby where I am still employed."

We note that plaintiff began the present suit in September, 1943, during the time he was visiting his parents and sister in Chippewa county. The question of jurisdiction was not raised in the trial court, but it is raised and should be determined on this appeal. *In re Estate of Fraser,* 288 Mich. 392, we said:

"Courts are bound to take notice of the limits of their authority, and a court may, and should, on its own motion, though the question is not raised by the pleadings or by counsel, recognize its lack of jurisdiction and act accordingly by staying proceedings, dismissing the action, or otherwise disposing thereof, at any stage of the proceeding."

"The question of jurisdiction may be properly presented to and passed upon by a court at any stage of pending proceedings." *In re Cody's Estate,* 293 Mich. 697.

See, also, *Kerwin* v. *Rettie,* 294 Mich. 308; *Township of Warren* v. *Raymond,* 291 Mich. 426; *Warner* v. *Noble,* 286 Mich. 654.

The record clearly establishes that neither party was a resident of Chippewa county at the time the present suit was begun or when the decree was entered. *Wright* v. *Genesee Circuit Judge,* 117 Mich. 244; *Reed* v. *Reed,* 52 Mich. 117 (50 Am. Rep. 247). Therefore, under section 12728 quoted above, the circuit court of that county was without jurisdiction to grant the decree in question. The jurisdiction of the court was statutory (*Winter* v. *Winter,* 276 Mich. 665; *Herp* v. *Herp,* 254 Mich. 33; *Haines* v. *Haines,* 35 Mich. 138), and jurisdiction could not be conferred by consent of the parties. *Mondou* v. *Lincoln Mutual Casualty Co.,* 283 Mich. 353; *Nichols* v. *Houghton Circuit Judge,* 185 Mich. 654 (Ann. Cas. 1917 D, 100). Failure to allege residence in the county could be cured by amendment, but the fact of residence must be proved. In the case of *People* v. *McCaffrey,* 75 Mich. 115, 125, 126, we said:

"Failure to allege his residence within that particular county was not a jurisdictional defect. *  *  *

"The omission to allege it may be cured by amendment, *though this fact (of residence) must be made to appear in the proofs in order to give relief.*"

In 3 Searl, Michigan Pleading & Practice, p. 333, § 1334, it is stated:

"Bills for divorce must be filed in the county where one of the parties resides."

See, also, *Titus* v. *Chippewa Circuit Judge,* 168 Mich. 507.

In view of our conclusion that the trial court was without jurisdiction to grant the decree in question, it is unnecessary to discuss the testimony relative to the respective allegations of cruelty.

The decree entered by the trial court is reversed and set aside. For the reasons herein stated, a decree may be entered in this court dismissing plaintiff's bill of complaint and defendant's cross bill. Defendant may recover costs of this court.

NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.