**Lansing, Michigan**

# Opinion

Chief Justice:
Marilyn Kelly

Justices:
Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway

FILED JULY 31, 2010

S T A T E   O F   M I C H I G A N

SUPREME COURT

ANDRE BEZEAU,

       Plaintiff-Appellant,

v                                       No.  137500

PALACE SPORTS & ENTERTAINMENT,
INC.,

       Defendant-Appellee.

BEFORE THE ENTIRE BENCH

WEAVER, J.

In this case, we decide whether this Court correctly gave retroactive effect to its decision in *Karaczewski v Farbman Stein & Co*, 478 Mich 28; 732 NW2d 56 (2007). After examination of the *Karaczewski* decision and the effect overruling its retroactivity would have, we overrule the holding of *Karaczewski* that gave the decision its retroactive effect. Accordingly, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we reverse the decision of the Workers' Compensation Appellate Commission (WCAC)

and remand this case to the WCAC for resolution of this case consistent with the law in effect before the *Karaczewski* decision.

## I.  FACTS AND PROCEDURAL HISTORY

In 1998, plaintiff Andre Bezeau, a professional hockey player, signed a three-year contract with the Detroit Vipers, a professional hockey team owned by defendant Palace Sports & Entertainment, Inc.  At the time, plaintiff was a resident of Michigan, and the contract was signed in Michigan.

In June 2000, plaintiff fell from a 45-foot ladder while working at his father's roofing company in New Brunswick, Canada.  As a result of the fall, he injured his groin, lower back, and right thigh.  Plaintiff stayed in New Brunswick to receive treatment for his injuries, and he became a resident of New Brunswick.

In October 2000, the Detroit Vipers loaned plaintiff to the Providence Bruins, a professional hockey team located in Rhode Island.  In the first game of the 2000-2001 season, which took place in Rhode Island, another player struck plaintiff, aggravating his injury.  Plaintiff left the game and has been unable to play hockey since the incident.

In June 2001, plaintiff applied for workers' compensation benefits in Michigan. He claimed that he had developed osteitis pubis as a result of playing professional hockey.  A hearing was held before a magistrate in the Worker's Compensation Board of Magistrates.  The magistrate ruled in February 2003 that although plaintiff was disabled, there was no persuasive evidence that the incident at the October 2000 hockey game in Rhode Island caused plaintiff's disabling injuries or aggravated any preexisting injuries.

2

Plaintiff appealed the decision to the WCAC, which reversed the magistrate's findings. The WCAC panel found that the incident at the October 2000 hockey game was a contributing factor, among many, to plaintiff's disability. The WCAC granted plaintiff an open award of benefits.

Defendant appealed the WCAC's decision in the Court of Appeals. In February 2006, the Court of Appeals issued an unpublished opinion vacating the decision of the WCAC and remanding the case to the WCAC to "determine whether plaintiff asserted an 'aggravation' or 'contribution' theory at trial, whether such a theory was properly raised on appeal, and, if so, whether an award of benefits is proper under *Rakestraw* [*v Gen Dynamics Land Systems, Inc*, 469 Mich 220; 666 NW2d 199 (2003)]." *Bezeau v Palace Sports & Entertainment, Inc*, unpublished opinion per curiam of the Court of Appeals, issued February 28, 2006 (Docket No. 258350), p 5.

On remand from the Court of Appeals, the WCAC issued a decision in October 2006 remanding the case to the board of magistrates to determine whether plaintiff's condition after the October 2000 hockey-game incident was medically distinguishable from his condition before the incident.

Meanwhile in May 2007, while the remand to the board of magistrates in the instant case was pending, this Court issued the opinion in *Karaczewski* on the jurisdictional requirements for workers' compensation claims brought in Michigan. In *Karaczewski*, this Court overruled the interpretation of MCL 418.845 set forth in *Boyd v W G Wade Shows*, 443 Mich 515; 505 NW2d 544 (1993), and described what it termed an abrogation of the statute by *Boyd*'s precursor, *Roberts v I X L Glass Corp*, 259 Mich

3

644; 244 NW 188 (1932). *Karaczewski*, 478 Mich at 30, 39-41. The new interpretation of MCL 418.845 set forth in *Karaczewski* stated that for Michigan workers' compensation laws to apply to a claim for benefits, the injured employee must have been a resident of Michigan at the time of the injury and the contract for hire must have been made in Michigan.[1] *Id*. at 33, 44. Under *Boyd* and *Roberts*, Michigan workers' compensation laws applied to claims for benefits even if the injured employee was not a resident of Michigan as long as the contract for hire was made in Michigan. See *id*. at 34, 37-38.

As a result of the *Karaczewski* decision, defendant argued that the board of magistrates did not have subject-matter jurisdiction because plaintiff was a resident of New Brunswick at the time of the October 2000 incident. The magistrate agreed and dismissed plaintiff's claim for benefits. Plaintiff appealed to the WCAC, which affirmed the magistrate's decision. Plaintiff applied for leave to appeal in the Court of Appeals, which denied leave to appeal in an unpublished order entered September 5, 2008 (Docket No. 285593).

Plaintiff applied for leave to appeal in this Court. We ordered oral argument on the application, directing the parties to address "whether the jurisdictional standard

---

[1] The Legislature has since amended MCL 418.845 to now make it clearly applicable to out-of-state injuries. See 2008 PA 499, effective January 13, 2009. In this case, as an alternative to overruling *Karaczewski*, plaintiff asks that we consider applying 2008 PA 499 retroactively. However, we do not reach that question in this case because we overrule the retroactivity of *Karaczewski* that applied to parties in plaintiff's position of having suffered an injury before *Karaczewski* was decided.

4

established at MCL 418.845, as interpreted by this Court in *Karaczewski v Farbman Stein & Co*, 478 Mich 28 (2007), should be applied in this case."[2]

## II. STANDARD OF REVIEW

Whether this Court's decision in a previous case should be overruled is a question of law that this Court reviews de novo. *Bush v Shabahang*, 484 Mich 156, 164; 772 NW2d 272 (2009).

## III. ANALYSIS

## A. THE DECISION IN *KARACZEWSKI*

*Karaczewski* involved an employee whose contract for hire was made in Michigan, but who became a resident of another state after his employer transferred him. The employee was injured on the job while in the other state. *Karaczewski*, 478 Mich at 30. He filed a claim for workers' compensation benefits in Michigan. *Id*. at 31.

The defendants in *Karaczewski* argued that under the plain language of the Michigan Worker's Disability Compensation Act, the employee's claim was not subject to the jurisdiction of the Michigan's Workers' Compensation Agency because the employee was not a resident of Michigan at the time of the injury. *Id*. at 58. The WCAC and Court of Appeals agreed with the defendants that the plain language of the relevant statute, MCL 418.845, would preclude the employee from bringing his claim in Michigan. *Id*. at 31-32. However, both the WCAC and the Court of Appeals noted that

---

[2] *Bezeau v Palace Sports & Entertainment, Inc*, 483 Mich 1001, 1001-1002 (2009).

they were unable to rule in the defendants' favor under the binding Michigan Supreme Court precedents of *Boyd* and *Roberts*. *Id*. at 32.

In *Boyd*, this Court interpreted MCL 418.845 when faced with a similar situation involving an employee whose contract for hire was made in Michigan but who was injured and died on the job while a resident of another state. *Boyd*, 443 Mich at 516. The Court examined MCL 418.845 and *Roberts*, a case interpreting a predecessor of MCL 418.845. *Id*. at 517-520. The *Boyd* Court held that, "pursuant to [MCL 418.845] and *Roberts v IXL Glass Corp*, *supra*, the Bureau of Workers' Disability Compensation shall have jurisdiction over extraterritorial injuries without regard to the employee's residence, provided the contract of employment was entered into in this state with a resident employer." *Id*. at 526.

This Court granted leave in *Karaczewski* to determine whether overruling *Boyd* would be justified.[3] Analyzing the plain language of MCL 418.845, a majority of this Court held that the statute "confers jurisdiction on the Bureau of Worker's Compensation, now the Workers' Compensation Agency, for out-of-state workplace injuries only if (1) the employee is a resident of Michigan when the injury occurs and (2) the contract of hire was made in Michigan." *Karaczewski*, 478 Mich at 30. The *Karaczewski* Court's interpretation of MCL 418.845 directly conflicted with this Court's interpretation of the same statute in *Boyd*, and thus this Court overruled *Boyd*. *Id*. Over

---

[3] *Karaczewski v Farbman Stein & Co*, 474 Mich 1087 (2006).

the objections of three justices, the majority in *Karaczewski* gave retroactive effect to its new interpretation of MCL 418.845. *Karaczewski*, *Id.* at 44 n 15.

In general, this Court's decisions are given full retroactive effect. *Pohutski v City of Allen Park*, 465 Mich 675, 695; 641 NW2d 219 (2002). However, there are exceptions to this rule. This Court should adopt a more flexible approach if injustice would result from full retroactivity. *Id.* at 696. Prospective application may be appropriate where the holding overrules settled precedent. *Id*. As stated in *Pohutski*:

> This Court adopted from *Linkletter v Walker*, 381 US 618; 85 S Ct 1731, 14 L Ed 2d 601 (1965), three factors to be weighed in determining when a decision should not have retroactive application. Those factors are: (1) the purpose to be served by the new rule, (2) the extent of reliance on the old rule, and (3) the effect of retroactivity on the administration of justice. *People v Hampton*, 384 Mich 669, 674; 187 NW2d 404 (1971). In the civil context, a plurality of this Court noted that *Chevron Oil v Huson*, 404 US 97, 106-107; 92 S Ct 349; 30 L Ed 2d 296 (1971), recognized an additional threshold question whether the decision clearly established a new principle of law. *Riley v Northland Geriatric Center (After Remand)*, 431 Mich 632, 645-646; 433 NW2d 787 (1988) (GRIFFIN, J.). [*Id.*]

In determining whether *Karaczewski* was incorrectly given retroactive effect, we must first answer the threshold question whether *Karaczewski* clearly established a new principle of law. The decision in *Karaczewski* to overrule *Boyd* established a new interpretation of MCL 418.845 that broke from the longstanding interpretation of the statute. Although the Court interpreted the statute consistently with its plain language, the Court's interpretation established a new rule of law because it affected how the statute

7

would be applied to parties in workers' compensation cases in a way that was inconsistent with how the statute had been previously applied.[4]

Given that *Karaczewski* established a new rule of law, we now weigh the factors set forth in *Pohutski* to determine whether *Karaczewski* was correctly given retroactive application. First, we determine the purpose to be served by the new rule. The majority in *Karaczewski* overruled *Boyd* because the *Boyd* interpretation of MCL 418.845 failed to recognize that the statute's text required that an injured employee must have been a resident of Michigan at the time of the injury and the contract for hire must have been made in Michigan in order for the employee to be able to successfully file a workers' compensation claim in Michigan. Thus, the purpose of the new rule was to interpret the law consistently with the Legislature's apparent intent when drafting MCL 418.845.

The next two factors to consider in determining whether *Karaczewski* was correctly applied retroactively are reliance interests on the old rule of law under *Boyd* and the effect of *Karaczewski*'s retroactivity on the administration of justice. The concurring and dissenting justices in *Karaczewski* noted that the decision to give *Karaczewski* retroactive effect would seriously undermine the reliance interests of parties regarding the *Boyd/Roberts* decisions. Justice KELLY stated in her dissent that "[t]here are significant reliance concerns implicated by the overturning of *Roberts* and *Boyd*. The underlying rationale of these cases has been in place for seven decades. Attorneys, employers,

---

[4] *Pohutski*, 465 Mich at 696-697.

insurance carriers, and various employees have relied on the holdings of *Roberts* and *Boyd*." *Karaczewski*, 478 Mich at 62 (KELLY, J., dissenting). Furthermore, Justice WEAVER noted in her opinion concurring in part and dissenting in part:

> [T]here has been extensive reliance for 14 years on *Boyd*'s interpretation of MCL 418.845. In addition to reliance by the courts, insurance decisions have undoubtedly been predicated on this Court's longstanding interpretation of MCL 418.845 under *Boyd*. Nonresident injured employees, like plaintiff, who initially entered into contracts for hire in Michigan, but later agreed to work outside Michigan, have relied on the ability to obtain workers' compensation benefits based on their employment relationship with Michigan employers. Prospective application acknowledges that reliance and assures the fair resolution of those pending workers' compensation cases. [*Id.* at 46 (WEAVER, J., concurring in part and dissenting in part).]

In addition to *Karaczewski*'s failure to give due weight to that reliance on *Boyd* and *Roberts*, the dissenting justices noted that retroactivity would result in a disruption in the administration of justice. *Id.* (WEAVER, J., concurring in part and dissenting in part); *id.* at 62 (KELLY, J., dissenting). As the instant case shows, it appears that the *Karaczewski* decision has disrupted the administration of justice in cases that came under *Karaczewski*'s retroactive effect. Plaintiff first filed his claim in 2001, and the parties spent six years going through the appellate process to the Court of Appeals and back to the board of magistrates without having any argument over jurisdictional questions regarding MCL 418.845. While the case was on remand at the board of magistrates in 2007, *Karaczewski* was decided and defendant raised the jurisdictional issue for the first

9

time in the tribunal.[5] Because a long-settled part of this well-traveled case suddenly became a new issue and the six years of work expended on this case became moot, we conclude that *Karaczewski*'s retroactive effect disrupted the administration of justice.

Because the *Karaczewski* decision on retroactivity did not give due weight to the interests of employers and employees relying on the well-established law of *Boyd* and *Roberts*, and because it did not give due weight to its effect on the administration of justice, we conclude that the decision to give retroactivity to *Karaczewski* was erroneous.[6]

## B. STARE DECISIS

Having established that retroactive effect was erroneous, we next decide whether this Court should overrule the decision that gave retroactive effect to *Karaczewski*. This Court generally adheres to the principle of stare decisis. *Robinson v Detroit*, 462 Mich

---

[5] Defendant did include a defense in its answer to plaintiff's initial application for workers' compensation benefits, claiming that Michigan law did not cover the claim because the injury occurred in Rhode Island. However, defendant did not raise the issue at the hearing before the magistrate or at any appellate stage through the next six years until after *Karaczewski* was decided.

[6] The purpose of the new rule from *Karaczewski*—interpreting the law consistently with the Legislature's apparent intent when drafting MCL 418.845—must also be given weight. As can be seen from the concurrences of the justices signing this opinion, some of the justices in the majority agree with Justice YOUNG's dissent that *Karaczewski* correctly interpreted the language of the statute, and some justices disagree with *Karaczewski*'s interpretation of the statute. Nevertheless, we all conclude that the effect of retroactivity on the *Pohutski* factors of reliance and disruption of the administration of justice outweigh the effects of retroactivity that in fact resulted from *Karaczewski*'s interpretation. In this instance, we find that the correct interpretation of a statute is better given prospective application when retroactive application seriously undermines parties' reliance on the rule of law and disrupts the administration of justice.

439, 463; 613 NW2d 307 (2000). However, we should reexamine precedent when legitimate questions have been raised about the correctness of a decision. *Id*. at 464. Upon such reexamination, our first step is to determine whether the precedent was wrongly decided. *Id*. Should we determine that precedent was wrongly decided, we also "examine the effects of overruling, including most importantly the effect on reliance interests and whether overruling would work an undue hardship because of that reliance." *Id*. at 466. "As to the reliance interest, the Court must ask whether the previous decision has become so embedded, so accepted, so fundamental, to everyone's expectations that to change it would produce not just readjustments, but practical real-world dislocations." *Id*.

As we have explained earlier, we conclude that giving retroactive effect to this Court's holding in *Karaczewski* was an erroneous decision. Having determined that the retroactivity holding was wrongly decided, we next turn to the reliance interests involved.

In this case, we are only reviewing the effect of retroactively applying *Karaczewski*'s interpretation of MCL 418.845. By its nature, the retroactivity applied only to claims based on injuries that occurred before the date *Karaczewski* was decided. At the time of the *Karaczewski* decision, the workers' compensation system was operating under the prior precedent of *Boyd* and *Roberts* regarding jurisdictional questions under MCL 418.845. At the time of the *Karaczewski* decision, the only reliance on law regarding MCL 418.845 by parties was a reliance on the *Boyd* and *Roberts* precedents. There could not have been reliance on the law of the *Karaczewski* decision for claims based on injuries that occurred before *Karaczewski* because

11

*Karaczewski* was decided after the bases for those claims had arisen. Thus, we find no reliance interests regarding the retroactive effect of *Karaczewski* on claims in which the injuries had occurred on or before the date *Karaczewski* was decided.

Our next step in examining whether the retroactive effect of *Karaczewski* should be overruled is to determine whether overruling that effect will result in any undue hardships for parties involved in cases affected by our decision. As we have noted, the parties involved in cases affected by this decision had no reliance interests involving *Karaczewski*. By overruling the retroactivity of *Karaczewski*, the only effect on those parties is that their cases will be governed by the precedents that governed their claims when the bases for those claims first arose. We believe that such an effect is not an undue hardship on the parties because they are simply returning to the status quo for their claims.

Further justification for overruling the retroactivity of *Karaczewski* can be found in the inequity in the instant case, which arose as a result of the retroactivity holding. When the instant case was filed, the *Boyd* and *Roberts* interpretations of MCL 418.845 clearly governed the case, and plaintiff met the requirements of those interpretations. The *Boyd* and *Roberts* interpretations remained the governing interpretations of MCL 418.845 for more than six years while the case made its way from the board of magistrates to the WCAC, then to the Court of Appeals, then back to the WCAC on remand and, finally, back to the board of magistrates. During the entire appellate process, the interpretation of MCL 418.845 was not an issue in this case. But when the case was before the board of magistrates on remand to determine an entirely unrelated

12

factual matter, this Court handed down the *Karaczewski* decision, overruling the *Boyd* and *Roberts* interpretations for all cases in which there had not been a final judgment. The *Karaczewski* decision therefore changed the law of this case in the middle of the appellate process without the parties having raised any issue regarding that specific point of law. We find that outcome to be inequitable, and thus we feel that it should be reversed.

We have concluded that the factors for overruling precedent laid out in *Robinson* weigh in favor of overruling the retroactivity holding of *Karaczewski*. Moreover, we have found further justification for overruling the retroactivity holding as a result of the inequity that has arisen in this case. Accordingly, we overrule the holding of *Karaczewski* that gave retroactive effect to its decision.

It should be particularly noted that our holding today affects only claims based on injuries that occurred on or before the date this Court decided *Karaczewski*, as long as the claim has not already reached final resolution in the court system. We do not overrule any aspect of the *Karaczewski* opinion other than its retroactive effect. Contrary to the assertions in Justice YOUNG's dissent, which Justices CORRIGAN and MARKMAN also join, there is no majority to overrule *Karaczewski* in its entirety. We note that Chief Justice KELLY concurs with this opinion in part and dissents in part because she would in fact completely overrule *Karaczewski*. Six justices have chosen not to agree with Chief Justice KELLY's position to completely overrule *Karaczewski*, and as a result, the portrayal of the lead opinion contained in Justice YOUNG's dissent is inaccurate. *Karaczewski*'s interpretation of MCL 418.845 remains the law of this state for claims

13

based on injuries that occurred after the date that *Karaczewski* was decided but before the effective date of the amendment of MCL 418.845 by enacting 2008 PA 499.

## IV.  CONCLUSION

We reverse the decision of the WCAC.  We overrule this Court's decision to give retroactive effect to *Karaczewski* because the decision was erroneous, overruling it will not affect any reliance interests of the parties affected by our decision, and no undue hardship will occur as a result of our decision.  Our holding affects claims based on injuries that occurred on or before the date this Court decided *Karaczewski*, as long as the claim has not already reached final resolution in the court system.  Accordingly, we remand this case to the WCAC to continue proceedings consistent with its actions before the *Karaczewski* decision.

Reversed and remanded.

HATHAWAY, J., concurred with WEAVER, J.

STATE OF MICHIGAN

SUPREME COURT

ANDRE BEZEAU,

Plaintiff-Appellant,

v                                                        No. 137500

PALACE SPORTS & ENTERTAINMENT,
INC.,

Defendant-Appellee.

_____

CAVANAGH, J. (*concurring).*

I concur in the result, and I join the lead opinion in full except for part III(B). I agree that the interpretation of MCL 418.845 adopted in *Karaczewski v Farbman Stein & Co*, 478 Mich 28; 732 NW2d 56 (2007), should only have been applied prospectively and that *Karaczewski* should be overruled to the extent that it held otherwise. I write separately because whereas the lead opinion applies the stare decisis approach from *Robinson v Detroit*, 462 Mich 439, 463-468; 613 NW2d 307 (2000), I continue to prefer the modified version of this approach articulated by Chief Justice KELLY in *Petersen v Magna Corp*, 484 Mich 300, 316-320; 773 NW2d 564 (2009) (opinion by KELLY, C.J.). The result, however, is the same.

Under my preferred approach to stare decisis, there is a presumption in favor of upholding precedent that may be rebutted only if there is a compelling justification to overturn precedent. *Id.* at 317. In determining whether a compelling justification exists,

courts may use a number of evaluative criteria if relevant but, importantly, a compelling justification requires more than a mere belief that a case was wrongly decided.[1]  *Id.* at 319-320.  In this case, the narrow question presented is whether there is a compelling justification to overrule the *Karaczewski* majority's decision to apply its interpretation of MCL 418.845 retroactively.

One criterion is particularly relevant to this question: the extent of reliance on the prior interpretation of MCL 418.845 and the extent to which overruling it might cause special hardship and inequity.  See *id.* at 320.  Although the reliance interests usually weigh against overruling a decision or, at best, are neutral, this case presents the unusual situation in which the reliance interests weigh *in favor* of overruling a decision.[2]  As noted in the lead opinion, the cases that will be affected by prospective application of *Karaczewski* are only those involving injuries that occurred before *Karaczewski* was decided.  In those cases, overruling *Karaczewski*'s retroactive application and restoring the pre-*Karaczewski* status quo is in accordance with the reliance interests.[3]  In fact,

---

[1] In *Petersen*, Chief Justice KELLY provided a list of criteria that courts may use to consider whether there is a compelling justification, but the list is nonexhaustive and none of the criteria are determinative.  They only need to be evaluated if relevant.  See *Petersen*, 484 Mich at 320 (opinion by KELLY, C.J.).

[2] Indeed, the usual tensions present in a stare decisis analysis are absent in this case.  Generally, stare decisis balances two concerns:  "the need of the community for stability in legal rules and decisions and the need of courts to correct past errors."  *Id.* at 314.  In this case, however, *both* concerns are advanced by overruling the retroactive application of *Karaczewski*.

[3] As stated by then Justice KELLY in *Karaczewski*, the essential rationale of the pre-*Karaczewski* interpretation of MCL 418.845 had been in place for seven decades and was an essential part of the workers' compensation regime in Michigan, such that

(continued…)

2

inequity and hardship could result if the retroactivity of *Karaczewski* is *not* overturned. This is demonstrated by this case, in which the parties, relying on the pre-*Karaczewski* status of the law, had been litigating the merits of the case for *six years* when *Karaczewski* was decided. Thus, because I think that the reliance interests formed in this and other similar cases constitute a compelling justification to overrule precedent, I concur in the majority's decision to overrule the retroactive application of *Karaczewski*'s interpretation of the statute.

Michael F. Cavanagh

---

(…continued)
"[a]ttorneys, employers, insurance carriers, and various employees" had relied on it for years. *Karaczewski*, 478 Mich at 62 (KELLY, J., dissenting).

3

S T A T E   O F   M I C H I G A N

SUPREME COURT


ANDRE BEZEAU,

       Plaintiff-Appellant,

v                                No. 137500

PALACE SPORTS & ENTERTAINMENT,
INC.,

       Defendant-Appellee.

_____

KELLY, C.J. (*concurring in part and dissenting in part*).

I concur with the majority opinion that *Karaczewski v Farbman Stein & Co*[1] should never have been applied retroactively. I would overrule *Karaczewski* in its entirety because I continue to believe that it should not have overruled *Boyd v W G Wade Shows*[2] and *Roberts v I X L Glass Corp*.[3] As I stated in my dissent in *Karaczewski*, during the 74 years that *Roberts* was controlling law, the Legislature took no steps to change or amend MCL 418.845.[4] Again, when this Court affirmed that interpretation of MCL 418.845 in *Boyd*, the Legislature did nothing.

_____

[1] *Karaczewski v Farbman Stein & Co*, 478 Mich 28; 732 NW2d 56 (2007).

[2] *Boyd v W G Wade Shows*, 443 Mich 515; 505 NW2d 544 (1993).

[3] *Roberts v I X L Glass Corp*, 259 Mich 644; 244 NW 188 (1932).

[4] *Karaczewski*, 478 Mich at 46-47 (KELLY, J., dissenting).

Only after this Court upset 74 years of law in *Karaczewski* did the Legislature speak by enacting 2008 PA 499. It abrogated *Karaczewski* scarcely more than two years after it was decided.[5] Although some discard any use of legislative acquiescence as a tool for interpreting legislative intent, it is difficult to take issue with the fact that the Legislature took explicit action here.

Furthermore, I believe that the *Robinson* factors clearly call for overruling *Karaczewski*.[6] First, as discussed previously, the enactment of 2008 PA 499 was a change in the law that undercut and undermined the original basis for the decision. Allowing the central holding of *Karaczewski* to remain intact has a disturbing effect. It disenfranchises the unfortunate group of out-of-state workers with contracts for hire made in Michigan who were injured on the job after *Karaczewski* was decided but before

---

[5] See House Legislative Analysis, SB 1596, December 11, 2008 (stating that "the Michigan Supreme Court reversed longstanding case law" in *Karaczewski* and "eliminated coverage for injuries that had previously been covered under the act, reducing compensation for injured workers, and causing potential problems for employers"); Senate Legislative Analysis, SB 1596, November 12, 2008 (explaining that the purpose of 2008 PA 499 is to restore the Workers' Compensation Agency's jurisdiction in response to *Karaczewski*).

I recognize that 2008 PA 499 ultimately expanded jurisdiction in workers' compensation cases beyond where it had been before *Karaczewski*. But the legislative analyses make clear that the amendment was in direct response to *Karaczewski* and sought to restore jurisdiction to the Workers' Compensation Agency.

[6] *Robinson v Detroit*, 462 Mich 439; 613 NW2d 307 (2000).

I remain committed to the stare decisis factors I proposed in *Petersen v Magna Corp*, 484 Mich 300, 317-320; 773 NW2d 564 (2009), and I believe that this Court should adopt those factors.

2008 PA 499 went into effect. I believe that 2008 PA 499 is evidence that the Legislature did not intend to arbitrarily deprive this group of benefits.

Second, overturning *Karaczewski* would not work an undue hardship. Reliance on it has been minimal, given that it was decided recently. Because it displaced 74 years of precedent in Michigan, it is not "so embedded, so accepted, so fundamental, to everyone's expectations" that overruling it would result in "significant dislocations."[7] *Karaczewski* itself displaced reliance interests by overturning a fundamental part of the workers' compensation regime, even if only for a brief period, thanks to the Legislature's quick enactment of 2008 PA 499.[8]

I believe these compelling justifications necessitate that this Court overrule *Karaczewski*. Accordingly, while I concur with the majority that *Karaczewski* does not apply retroactively, I would overrule it entirely.

Marilyn Kelly

---

[7] *Robinson*, 462 Mich at 466.

[8] See *Karaczewski*, 478 Mich at 51-61 (KELLY, J. dissenting) (discussing the *Robinson* factors as applied to *Roberts* and *Boyd* and finding that not a single factor supported overruling them).

STATE OF MICHIGAN

SUPREME COURT

ANDRE BEZEAU,

   Plaintiff-Appellant,

v              No. 137500

PALACE SPORTS & ENTERTAINMENT,
INC.,

   Defendant-Appellee.

_____

WEAVER, J. (*concurring*).

  I concur fully in and sign the lead opinion reversing the decision of the Workers'

Compensation Appellate Commission (WCAC), remanding this case to the WCAC, and

overruling the holding of *Karaczewski v Farbman Stein & Co*, 478 Mich 28; 732 NW2d

56 (2007), that gave the *Karaczewski* decision retroactive effect.

  I write separately to correct the mistaken assertions in Justice YOUNG's dissent,

which is signed by Justices CORRIGAN and MARKMAN,[1] including the mistaken assertions

of these "remaining three" regarding my position on stare decisis.

  The dissent attempts to characterize the majority's opinion and decision not to

apply *Karaczewski* retroactively as a decision to effectively overrule *Karaczewski*. This

---

[1] Justices CORRIGAN, YOUNG, and MARKMAN comprise "the remaining three" justices of the former "majority of four," which included former Chief Justice TAYLOR.

characterization is not only incorrect and inaccurate, it is misleading and intellectually deceptive.

Further, the dissent's attempt to characterize the lead opinion as being representative of a so-called new philosophical majority is also false. There is no philosophical majority in this case. While the justices forming the majority each agreed with the result in this case, each justice reached his or her conclusion based on different reasons.[2]

It appears that the dissent is attempting to lump together the four justices who agree with parts of the lead opinion into having had some sort of previously stated fidelity to stare decisis that those justices have abandoned since former Chief Justice TAYLOR's overwhelming defeat in the 2008 election.

The dissent quotes various past statements, made by those justices signing portions of the lead opinion, regarding stare decisis and criticizing the former "majority of four" (former Chief Justice TAYLOR, and Justices CORRIGAN, YOUNG, and MARKMAN). With

---

[2] The dissent attempts to make an argument that there is some sort of philosophical majority that wants to overrule *Karaczewski* in its entirety. However, one need look no further than the various opinions written in this case to see that there is no such majority for that proposition. When *Karaczewski* was decided in 2007, I concurred in the substance of the opinion, and I continue to see nothing wrong with its statutory analysis. On the other hand, Chief Justice KELLY is dissenting in part from the lead opinion in this case for the very reason that she thinks *Karaczewski* needs to be completely overruled. Her position is understandable, given that she dissented from the entire decision in 2007 when *Karaczewski* was decided. But there are currently not four votes for her position, so her position is not the majority's position. Rather, there are in essence six justices who have for whatever reason decided not to join with the Chief Justice's position to overrule all of *Karaczewski* in this case. The dissent simply ignores that fact for the convenience of making the mistaken conclusions in the dissenting opinion seem more palatable.

2

respect to myself, the dissent quotes a statement I made in response to the improper and unfair dismantling of decades of longstanding insurance contract law by the former "majority of four" in *Devillers v Auto Club Ins Ass'n*, 473 Mich 562; 702 NW2d 539 (2005). In *Devillers*, I stated, "Correction for correction's sake does not make sense. The case has not been made why the Court should not adhere to the doctrine of stare decisis *in this case*." *Id*. at 622 (WEAVER, J., dissenting) (emphasis added).

The dissent's use of my *Devillers* statement appears to be a weak attempt to manufacture some sort of story to try to get people to believe that a philosophical majority of justices exists and is out to overrule precedent created by the "majority of four." The dissent's mistaken assertions that I have somehow changed my view of stare decisis since former Chief Justice TAYLOR was defeated and that I am part of a philosophical majority are simply incorrect.

My *Devillers* statement itself shows that I was criticizing the disregard for stare decisis in that *specific case*. My *Devillers* statement is an example of my service to the rule of law and a partial expression of my view of the policy of stare decisis, which is that past precedent should generally be followed but that, in deciding whether wrongly decided precedent should be overruled, each case should be looked at individually on its facts and merits through the lens of judicial restraint, common sense, and fairness.[3]

---

[3] I agree with the sentiment recently expressed by Chief Justice Roberts of the United States Supreme Court in his concurrence to the decision in *Citizens United v Federal Election Commission*, 558 US ___, ___; 130 S Ct 876, 920; 175 L Ed 2d 753, 806 (2010), when he said that

(continued…)

3

Over the past decade, the principal tool used by this Court to decide when a precedent should be overruled is the set of guidelines that was laid out in *Robinson v Detroit*, 462 Mich 439, 463; 613 NW2d 307 (2000), an opinion written by former Justice TAYLOR that Justices CORRIGAN, YOUNG, MARKMAN, and I signed, and that I have used numerous times. In the instant case, my lead opinion specifically, and properly, applies the *Robinson* guidelines. Thus, the dissent's assertion that I have changed my view on stare decisis makes no logical sense.

Furthermore, I note that my position in *Devillers* is in no way inconsistent with my position on stare decisis in this case, nor is it inconsistent with any position on stare decisis that I have taken in other cases, such as *Robinson*. *Devillers* involved the

(…continued)

> *stare decisis* is neither an "inexorable command," *Lawrence* v. *Texas*, 539 U. S. 558, 577 [123 S Ct 2472; 156 L Ed 2d 508] (2003), nor "a mechanical formula of adherence to the latest decision," *Helvering* v. *Hallock*, 309 U. S. 106, 119 [60 S Ct 444; 84 L Ed 604] (1940) . . . . If it were, segregation would be legal, minimum wage laws would be unconstitutional, and the Government could wiretap ordinary criminal suspects without first obtaining warrants. See *Plessy* v. *Ferguson*, 163 U. S. 537 [16 S Ct 1138; 41 L Ed 256] (1896), overruled by *Brown* v. *Board of Education*, 347 U. S. 483 [74 S Ct 686; 98 L Ed 873] (1954); *Adkins v. Children's Hospital of D. C.*, 261 U. S. 525 [43 S. Ct. 394; 67 L Ed 785] (1923), overruled by *West Coast Hotel Co* v. *Parrish*, 300 U. S. 379 [57 S. Ct. 578; 81 L Ed 703] (1937); *Olmstead* v. *United States*, 277 U. S. 438 [48 S Ct 564; 72 L Ed 944] (1928), overruled by *Katz* v. *United States*, 389 U. S. 347 [88 S Ct 507; 19 L Ed 2d 576] (1967).

Chief Justice Roberts further called stare decisis a "principle of policy" and said that it "is not an end in itself." *Id*. at ___; 130 S Ct at 920; 175 L Ed 2d at 807. He explained that "[i]ts greatest purpose is to serve a constitutional ideal—the rule of law. It follows that in the unusual circumstance when fidelity to any particular precedent does more to damage this constitutional ideal than to advance it, we must be more willing to depart from that precedent." *Id.* at ___; 130 S Ct at 921; 175 L Ed 2d at 807.

4

"majority of four" overruling precedent involving contract interpretation from a case that was nearly twenty (20) years old. In my *Devillers* dissent, I noted that I agreed with the majority's interpretation that the old precedent was incorrect, but given the passage of time since that specific precedent was decided, the Court should not disturb that longstanding precedent because the law had become so ingrained that to overrule it would harm the reliance interests of parties in insurance cases. My position in *Devillers* was entirely consistent with the reliance prong of the *Robinson* guidelines.[4]

My position in the instant case is also consistent with the reliance prong of the *Robinson* guidelines since *Karaczewski*, the case of which a portion is now being overruled, was only decided three (3) years ago. Furthermore, the portion that is being overruled is merely that decision's retroactive effect—applying the new decision to parties' past actions. My statement in *Devillers* is actually supportive of my position in the instant case because in both instances my position has been to apply the longstanding law that parties had relied on when their cases arose.

The dissent cannot point to a statement where I professed some sort of position regarding stare decisis as an immutable doctrine, because I have not taken that position and therefore have made no such statements. For instance, I specifically chose not to sign Chief Justice KELLY's lead opinion in *Petersen v Magna Corp*, 484 Mich 300, 316-320; 773 NW2d 564 (2009), because it proposed to create a standardized test for stare

---

[4] For an explanation of the various prongs of the *Robinson* guidelines, see the lead opinion, *ante* at ___.

decisis. There is no need for this Court to adopt any standardized test regarding stare decisis. In fact, it is an impossible task.

There are many factors to consider when deciding whether or not to overrule precedent, and the importance of such factors often changes on a case-by-case basis. The *Robinson* guidelines are relevant in cases such as the instant case, in which reliance interests are at risk. By no means do I consider the *Robinson* guidelines a "be-all, end-all test" that constitutes precedent of this Court to be used whenever this Court considers overruling precedent. I view *Robinson* as merely providing guidelines to assist this Court in its legal analysis when pertinent.

In the end, the consideration of stare decisis and whether to overrule wrongly decided precedent always includes service to the rule of law through an application and exercise of judicial restraint, common sense, and a sense of fairness—justice for all.

Elizabeth A. Weaver

STATE OF MICHIGAN

SUPREME COURT

ANDRE BEZEAU,

      Plaintiff-Appellant,

v                                                                        No.  137500

PALACE SPORTS & ENTERTAINMENT,
INC.,

      Defendant-Appellee.

_____

YOUNG, J. (*dissenting*).

I dissent from the decision by the majority of justices to "overrule the retroactive effect of *Karaczewski*."[1]   Having failed to identify any flaw in the analysis of *Karaczewski,* overruling the *application* of the case is simply a means of substantively overruling *Karaczewski* without explicitly saying so.  *Karaczewski* properly interpreted the plain language of MCL 418.845, and it was appropriately applied to the case at bar by the lower courts.  Because the majority justices essentially render *Karaczewski* an advisory opinion, I dissent.

At the time of plaintiff's injury, MCL 418.845 provided:

The bureau shall have jurisdiction over all controversies arising out of injuries suffered outside this state where the injured employee is a resident of this state at the time of injury *and* the contract of hire was made

---

[1] *Karaczewski v Farbman Stein & Co*, 478 Mich 28; 732 NW2d 56 (2007).

in this state. Such employee or his dependents shall be entitled to the compensation and other benefits provided by this act. [Emphasis added.]

Here, there is no question that plaintiff was not a resident of this state when he was injured. Therefore, pursuant to MCL 418.845 and *Karaczewski,* the magistrate correctly held that the Workers' Compensation Agency did not have jurisdiction.[2] This Court expressly stated in *Karaczewski* that its decision was to be applied to all pending cases. *Karaczewski,* 478 Mich at 44 n 15 ("[O]ur holding in this case shall apply to all claimants for whom there has not been a final judgment awarding benefits as of the date of this opinion."). Because this was a pending case when *Karaczewski* was decided, *Karaczewski* is applicable.

As *Karaczewski* noted, since the very first workers' compensation jurisdictional statute was enacted in 1921, the law consistently provided the Michigan workers' compensation system jurisdiction over out-of-state injuries when both (1) the injured employee resided in this state at the time of injury *and* (2) the contract of hire was made in Michigan. However, in *Boyd v W G Wade Shows*, 443 Mich 515; 505 NW2d 544 (1993), this Court declined to enforce the residency requirement because to do so would

---

[2] It is irrelevant that defendant did not pursue this jurisdictional issue until after *Karaczewski* was decided. All courts "must upon challenge, or even sua sponte, confirm that subject-matter jurisdiction exists . . . ." *Reed v Yackell*, 473 Mich 520, 540; 703 NW2d 1 (2005) (opinion by TAYLOR, C.J.). Thus, subject matter jurisdiction may be challenged at any time, even if raised for the first time on appeal. *Lehman v Lehman*, 312 Mich 102, 105-106; 19 NW2d 502 (1945); *In re Cody's Estate,* 293 Mich 697, 701; 292 NW 535 (1940); *In re Estate of Fraser*, 288 Mich 392, 394; 285 NW 1 (1939).

2

be "undesirable" and "unduly restrictive"[3] and because the requirement had been ignored by this Court since *Roberts v I X L Glass Corp*, 259 Mich 644; 244 NW 188 (1932).[4]

*Karaczewski* overruled *Boyd* on the basis of the rather unremarkable proposition that the use of the conjunction "and" in MCL 418.845 was unambiguous and that the statute must be applied as written. Nonetheless, in order to protect the reliance interests of injured plaintiffs who had already received an award of compensation benefits as part of a final judgment, *Karaczewski*'s holding was given limited retroactive effect, applying only to claimants who had not received a final judgment awarding benefits as of the date of the opinion.[5] While the Legislature subsequently amended the relevant statutory provision to expand the agency's jurisdiction over out-of-state injuries,[6] the Legislature

---

[3] *Boyd*, 443 Mich at 524.

[4] However, as the dissenting justices in *Boyd* noted, the rationale of *Roberts* was based on the elective nature of workers' compensation in place at that time *Roberts* was decided. The dissenters noted that the analytical underpinnings of *Roberts* were eliminated when the Legislature made the workers' compensation scheme compulsory in 1943. Before *Boyd*, several Court of Appeals opinions had enforced the plain language of the statute on this basis. See *Wolf v Ethyl Corp*, 124 Mich App 368; 335 NW2d 42 (1983); *Bell v F J Boutell Driveaway Co*, 141 Mich App 802; 369 NW2d 231 (1985); *Hall v Chrysler Corp*, 172 Mich App 670; 432 NW2d 398 (1988).

[5] *Karaczewski*, 478 Mich at 44 n 15. While I agree with the lead opinion's statement that this Court's decisions are generally given *full* retroactive effect, *Karaczewski* was explicitly given *limited* retroactive effect.

[6] 2008 PA 499, effective January 13, 2009.

3

chose not to give the amended statute retroactive application,[7] thus leaving claimants such as plaintiff subject to the holding in *Karaczewski*.[8]

The justices in the majority are unable to identify any analytical defect in the substantive holding in *Karaczewski*; indeed, Justice WEAVER explicitly concurred in *Karaczewski*'s substantive analysis. Instead, they elect to overrule the limited retroactive application of the opinion in favor of purely prospective application.[9] However, as *Wayne Co v Hathcock* explained, purely prospective opinions are effectively advisory opinions, and our constitutional authority to issue advisory opinions is limited to those circumstances set forth in Const 1963, art 3, § 8, which are clearly not applicable in the present case.[10]

---

[7] See *Brewer v A D Transp Express, Inc*, 486 Mich 50; 782 NW2d 475 (2010).

[8] The fact that the Legislature amended MCL 418.845 *after* this Court's decision in *Karaczewski* without indicating that it intended the amended statute to be applied retroactively makes this case significantly distinguishable from *Pohutski v City of Allen Park*, 465 Mich 675; 641 NW2d 219 (2002), in which this Court did apply its holding prospectively only, because in *Pohutski* the Legislature amended the pertinent statute *before* this Court's decision and, thus, had no reason to indicate that it intended the amended statute to apply retroactively rather than this Court's yet-to-be-decided decision in *Pohutski*. Even plaintiff's counsel acknowledged as much at oral argument when he stated, "I think that is a factual difference between *Pohutski* and this case and consequently you'd not be—certainly not required to follow or apply *Pohutski* to this case . . . ."

[9] Interestingly, Justice WEAVER would have preferred to deny the benefit of the *Karaczewski* ruling *even to the parties* appearing before the Court in *Karaczewski*. *Karaczewski*, 478 Mich at 45 (WEAVER, J., concurring in part and dissenting in part).

[10] *Hathcock*, 471 Mich 484 n 98 ("[T]here is a serious question as to whether it is constitutionally legitimate for this Court to render purely prospective opinions, as such rulings are, in essence, advisory opinions. The only instance in which we are constitutionally authorized to issue an advisory opinion is upon the request of either

(continued…)

4

The decision in this case is another instance in which the Court's new philosophical majority seems to retreat from its previously stated fidelity to stare decisis.[11] Since the shift in the Court's philosophical majority in January 2009, the new

---

(…continued)
house of the Legislature or the Governor—and, then, only 'on important questions of law upon solemn occasions as to the constitutionality of legislation after it has been enacted into law but before its effective date.'").

[11] See, e.g., *Pohutski v City of Allen Park*, 465 Mich 675, 712; 641 NW2d 219 (2002) (KELLY, J., dissenting) ("[I]f each successive Court, believing its reading is correct and past readings wrong, rejects precedent, then the law will fluctuate from year to year, rendering our jurisprudence dangerously unstable."); *People v Hawkins*, 468 Mich 488, 517-518; 668 NW2d 602 (2003) (CAVANAGH, J., dissenting) ("'We have overruled our precedents when the intervening development of the law has "removed or weakened the conceptual underpinnings from the prior decision, or where the later law has rendered the decision irreconcilable with competing legal doctrines or policies." . . . Absent those changes or compelling evidence bearing on Congress' original intent . . . our system demands that we adhere to our prior interpretations of statutes.'"), quoting *Neal v United States*, 516 US 284, 295; 116 S Ct 763; 133 L Ed 2d 709 (1996), quoting *Patterson v McLean Credit Union*, 491 US 164, 173; 109 S Ct 2363; 105 L Ed 2d 132 (1989); *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197, 278; 731 NW2d 41 (2007) (CAVANAGH, J., dissenting) ("'Under the doctrine of stare decisis, principles of law deliberately examined and decided by a court of competent jurisdiction become precedent which should not be lightly departed.'"), quoting *People v Jamieson*, 436 Mich 61, 79; 461 NW2d 884 (1990); *Brown v Manistee Co Rd Comm*, 452 Mich 354, 365; 550 NW2d 215 (1996) ("[A]bsent the rarest circumstances, we should remain faithful to established precedent."); *Devillers v Auto Club Ins Ass'n*, 473 Mich 562, 622; 702 NW2d 539 (2005) (WEAVER, J., dissenting) ("Correction for correction's sake does not make sense. The case has not been made why the Court should not adhere to the doctrine of stare decisis in this case."); Berg, *Hathaway attacks*, Michigan Lawyers Weekly, October 27, 2008 ("'People need to know what the law is,' Hathaway said. 'I believe in stare decisis. Something must be drastically wrong for the court to overrule.'"); *Lawyers' election guide: Judge Diane Marie Hathaway*, Michigan Lawyers Weekly, October 30, 2006 (quoting Justice HATHAWAY, then running for a position on the Court of Appeals, as saying that "[t]oo many appellate decisions are being decided by judicial activists who are overturning precedent").

majority has pointedly sought out precedents only recently decided[12] and has failed to give effect to other recent precedents of this Court.[13]  Today, by overruling the retroactivity of *Karaczewski*, the Court again refuses to apply a recent precedent of this

[12] See, e.g., *Univ of Mich Regents v Titan Ins Co*, ___ Mich ___ (2010) (overruling *Cameron v Auto Club Ins Ass'n*, 476 Mich 55; 718 NW2d 784 [2006]); *McCormick v Carrier*, ___Mich ___ (2010) (overruling *Kreiner v Fischer*, 471 Mich 109; 683 NW2d 611 [2004]); *Lenawee Co Bd of Rd Comm'rs v State Auto Prop & Cas Ins Co*, 485 Mich 853 (2009) (directing the parties to consider whether *Miller v Chapman Contracting*, 477 Mich 102; 730 NW2d 462 [2007] was correctly decided); *Edry v Adelman*, 485 Mich 901 (2010) (directing the parties to consider whether *Wickens v Oakwood Healthcare Sys*, 465 Mich 53; 631 NW2d 686 [2001] was correctly decided); *Lansing Sch Ed Ass'n v Lansing Bd of Ed*, ___Mich ___ (2010) (overruling *Lee v Macomb Co Bd of Comm'rs*, 464 Mich 726; 629 NW2d 900 [2001]); *Anglers of the Au Sable, Inc v Dep't of Environmental Quality*, 485 Mich 1063 (2010) (directing the parties to consider whether *Mich Citizens for Water Conservation v Nestlé Waters North America Inc*, 479 Mich 280; 737 NW2d 447 [2007], and *Preserve the Dunes, Inc v Dep't of Environmental Quality*, 471 Mich 508; 684 NW2d 847 [2004], were correctly decided); *Hoover v Mich Mut Ins Co*, 485 Mich 881 (2009) (directing the parties to consider whether *Griffith v State Farm Mut Auto Ins Co*, 472 Mich 521; 697 NW2d 895 [2005], was correctly decided); *Colaianni v Stuart Frankel Dev Corp*, 485 Mich 1066 (2010) (granting leave to appeal to consider whether *Trentadue v Buckler Automatic Lawn Sprinkler Co*, 479 Mich 378; 738 NW2d 664 [2007], was correctly decided).

[13] See, e.g., *Hardacre v Saginaw Vascular Servs*, 483 Mich 918 (2009), in which the majority failed to follow *Boodt v Borgess Med Ctr*, 481 Mich 558; 751 NW2d 44 (2008); *Sazima v Shepherd Bar & Restaurant*, 483 Mich 924 (2009), in which it failed to follow *Chrysler v Blue Arrow Transp Lines*, 295 Mich 606; 295 NW 331 (1940), and *Camburn v Northwest Sch Dist (After Remand)*, 459 Mich 471; 592 NW2d 46 (1999); *Vanslembrouck v Halperin*, 483 Mich 965 (2009), in which it failed to follow *Vega v Lakeland Hosps*, 479 Mich 243, 244-245; 736 NW2d 561 (2007); *Juarez v Holbrook*, 483 Mich 970 (2009), in which it failed to follow *Smith v Khouri*, 481 Mich 519; 751 NW2d 472 (2008); *Beasley v Michigan*, 483 Mich 1025 (2009), *Chambers v Wayne Co Airport Auth*, 483 Mich 1081 (2009), and *Ward v Mich State Univ*, 485 Mich 917 (2009), in which it failed to follow *Rowland*; and *Scott v State Farm Mut Auto Ins Co*, 483 Mich 1032 (2009), in which it failed to follow *Thornton v Allstate Ins Co*, 425 Mich 643; 391 NW2d 320 (1986), and *Putkamer v Transamerica Ins Corp of America*, 454 Mich 626; 563 NW2d 683 (1997).

6

Court.  Because the justices in the majority use prospectivity as a means of substantively overruling *Karaczewski*, I dissent.

CORRIGAN and MARKMAN, JJ., concurred with YOUNG, J.